RENDERED: FEBRUARY 18, 2016
TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2015-SC-000268-WC

DATE 3-10-16 Elig Brown P.C.

JOHN FUERTES                          APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2014-CA-000280-WC
WORKERS' COMPENSATION NO. 03-64300

FORD MOTOR CO.;
HONORABLE JAMES KERR,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                APPELLEES

## OPINION OF THE COURT

### REVERSING AND REMANDING

Appellant, John Fuertes, appeals a Court of Appeals decision which affirmed the Administrative Law Judge's ("ALJ") finding that his workers' compensation award should not be enhanced by the two multiplier pursuant to KRS 342.730(1)(c)2. Because of this Court's decision in *Livingood v. Transfreight, LLC*, 467 S.W.3d 249 (Ky. 2015), we reverse the Court of Appeals and remand this matter for further proceedings.

Fuertes suffered a work-related accident while employed by Appellee, Ford Motor Company, on October 30, 2003. He filed for workers' compensation. Before his claim could be resolved, Fuertes was fired by Ford

for "performance related issues." Fuertes contends that he was fired because of his work-related injuries. Specifically, Fuertes states that he missed a lot of work to undergo rehabilitation or physical therapy. He also was under work restrictions which limited his ability to perform his job.

After a review of the evidence, the ALJ found that Fuertes suffered a work-related injury to his right shoulder, right knee and neck.[1] Workers' compensation was awarded accordingly. The ALJ declined to apply a multiplier to Fuertes's award. He stated that "[t]here is no evidence that [Fuertes's] cessation of employment was the result of his work-related injury." *See Chrysalis House, Inc. v. Tackett*, 283 S.W.3d 671 (Ky. 2009). However, the ALJ failed to specifically address the application of KRS 342.730(1)(c)2, the two multiplier. Fuertes filed a petition for reconsideration asking the ALJ to reconsider his finding that there was no evidence to indicate his termination was the result of his work-related injury and that the ALJ make a determination as to the reason Fuertes was fired. The petition for reconsideration was denied.

Fuertes appealed to the Workers' Compensation Board ("Board"). The Board issued an opinion affirming in part, reversing in part, and remanding. The Board found that the ALJ did not address Fuertes's request in his petition for reconsideration for a determination as to the reason why he was terminated from Ford. Fuertes then appealed to the Court of Appeals requesting a remand

---

[1] Fuertes later was found to have suffered work-related hearing loss and he was awarded workers' compensation.

to the ALJ for findings regarding his entitlement to the two multiplier per KRS 342.730(1)(c)2. The Court of Appeals found that the ALJ did address the applicability of the two multiplier, but remanded the matter to the Board for consideration of whether the ALJ erred in finding that substantial evidence did not support application of the multiplier. On remand, the Board stated that, "the evidence did not compel a finding Fuertes was entitled to enhancement by the two multiplier at the time of the ALJ's decision." The Board further stated that Fuertes' speculative testimony did not compel the ALJ to find that the work-related injury led to his termination. Fuertes again appealed to the Court of Appeals which affirmed the Board. This appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985).

3

Fuertes argues that the Board and Court of Appeals erred by usurping the ALJ's role as fact finder and interpreter of the evidence concerning application of the two multiplier to his award. Fuertes also contends that the ALJ erred when he found that there was no evidence the termination was related to the work-related injury. However, we need not address the merits of Fuertes's arguments because this matter must be remanded for further fact finding.

Since the ALJ issued the opinion and order on remand and the opinion and order on reconsideration, this Court has reversed the portion of *Chrysalis House*, 283 S.W.3d 671, which held that the claimant's failure to earn the same or greater wages must be related to the work-related injury before the two multiplier may be awarded. *Livingood*, 467 S.W.3d at 249. Instead this Court now holds that "KRS 342.730(1)(c)2 permits a double income benefit during any period that employment at the same or a greater wage ceases 'for any reason, with or without cause,' except where the reason is the employee's conduct shown to have been an intentional, deliberate action with a reckless disregard of the consequences either to himself or to another." *Id.* at 259

In this matter, no finding has been made whether Fuertes's conduct at Ford satisfies this new standard so as to justify the denial of the application of the two multiplier. On remand, the ALJ should make a finding of whether Fuertes engaged in conduct as outlined in *Livingood* that led to the reduction of hours he worked and ultimate termination. We note that this is a high standard and basic bad behavior will not bar application of the two multiplier.

4

If Fuertes did not engage in such conduct, the two multiplier may be applied to his award.

Fuertes has additionally requested that this Court decide whether the claimant or employer has the burden of proof to show the employee was fired due to the type of misconduct as described in *Livingood*. To prove that the claimant was fired because he committed that type of misconduct, evidence must be provided which supports the conclusion the claimant acted inappropriately. Obviously it is unlikely that the claimant would admit to misconduct. Because of this, and since proving that type of misconduct occurred is a defense against application of the two multiplier, the burden of proof is upon the employer to show the claimant's termination was caused by the type of behavior described in *Livingood*.

Thus, we reverse the decision of the Court of Appeals and remand the matter to the ALJ for proceedings consistent with this opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT,

JOHN FUERTES:

Charles E. Jennings


COUNSEL FOR APPELLEE,
FORD MOTOR CO.:

Peter J. Glauber
Philip J. Reverman, Jr.
Elizabeth M. Hahn


COUNSEL FOR AMICUS CURIAE,
THE KENTUCKY CHAPTER OF AMERICAN
FEDERATION OF LABOR AND CONGRESS
OF INDUSTRIAL ORGANIZATIONS:

Justin Lee Lawrence