# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: APRIL 26, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000299-WC  DATE 5/17/18 Kim Redman, DC

MIDDLETOWN HEATING AND AIR                                        APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2016-CA-001414-WC
WORKERS' COMPENSATION BOARD NO. 2013-WC-86565


MICHAEL KLIMKO; HONORABLE                                        APPELLEES
STEPHANIE L. KINNEY, ADMINISTRATIVE
LAW JUDGE AND WORKERS'
COMPENSATION BOARD


### MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Middletown Heating and Air ("Middletown") appeals from an opinion of the Court of Appeals affirming an opinion of the Workers' Compensation Board ("Board") that affirmed in part, reversed in part, and remanded an award by the Administrative Law Judge ("ALJ") to Michael Klimko. Middletown argues that the ALJ clearly erred in determining that its former employee, Klimko, was entitled to double income benefits for the period following his termination from employment. We affirm the Court of Appeals' holding that the ALJ did not clearly err in finding that Klimko's conduct on the date he left employment with Middletown, June 19, 2014 did not amount to an "intentional, deliberate action

with reckless disregard of the consequences to himself or another," so as to bar an award of double income benefits per KRS[1] 342.730(1)(c)(2).

## I. BACKGROUND.

As summarized by the Court of Appeals, the relevant background of this case is as follows:

> On April 16, 2013, Klimko sustained an injury to his low back, accompanied by right-leg pain. At the time of his injury, Klimko was working as a Heating, Ventilation, and Cooling (HVAC) technician for Middletown. He returned to light-duty work in September of 2013, but earning the same wages and working the same number of hours. On June 19, 2014, Klimko left his employment with Middletown. Shortly thereafter, he began working for AirStream Technologies, with similar job duties but with fewer hours and less physically demanding job duties.
>
> Ultimately, the ALJ assessed Klimko with an 11% impairment rating and awarded benefits accordingly. The ALJ also found that Klimko was entitled to a double income benefit from September 20, 2013, through March 20, 2014, and from June 20, 2014, forward. On appeal, the Board found that the ALJ erred by awarding double income benefits for the former period because Klimko returned to work at an equal or greater average weekly wage than he earned prior to his injury. However, the Board found that the ALJ properly awarded double income benefits for the period after June 19, 2014, because Klimko's actions did not amount to an "intentional, deliberate action with a reckless disregard of the consequences either to himself or to another." Finally, the Board remanded the matter to the ALJ with directions to award permanent partial disability benefits on the date of injury, but suspended for any period that temporary total disability benefits were paid. Middletown now petitions for review of this decision.[2]

---

[1] Kentucky Revised Statutes.

[2] *Middletown Heating and Air v. Klimko*, No. 2016-CA-001414-WC, 2017 WL 2211072, at *1 (Ky. App. May 19, 2017).

## II. STANDARD OF REVIEW.

The sole issue on appeal is whether substantial evidence exists to support the ALJ's award of double income benefits, or 2x multiplier, to Klimko from June 20, 2014, forward. "The ALJ, as the finder of fact, and not the reviewing court, has the sole authority to determine the quality, character, and substance of the evidence." *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993). Since Klimko, the party with the burden of proof before the ALJ, was successful, the question on appeal to the Board was whether the ALJ's findings were supported by substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984). The Board concluded that substantial evidence existed to support the ALJ's finding that Klimko's conduct on the date he left employment with Middletown did not meet the standard for "intentional, deliberate action" described by this Court in *Livingwood v. Transfreight, LLC*, 467 S.W.3d 249, 259 (Ky. 2015), so as to prohibit enhancement of his award to double income benefits.

> The [Board] is entitled to the same deference for its appellate decisions as we intend when we exercise discretionary review of Kentucky Court of Appeals decisions in cases that originate in circuit court. The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. The function of further review in our Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.

*W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687–88 (Ky. 1992).

3

## III. ANALYSIS.

KRS 342.730(1)(c)(2) permits a double income benefit for any period that employment at the same or a greater wage ceases "for any reason, with or without cause." In *Livingwood,* we revisited our prior holding in *Chrysalis House, Inc. v. Tackett,* 283 S.W.3d 671 (Ky. 2009), and clarified that "KRS 342.730(1)(c)(2) permits a double income benefit during any period that employment at the same or a greater wage ceases 'for any reason, with or without cause,' except where the reason is the employee's conduct shown to have been an intentional, deliberate action with a reckless disregard of the consequences either to himself or to another." 467 S.W.3d at 259. We overruled the requirement set forth in *Chrysalis House* that KRS 342.730(1)(c)(2) mandates that the cessation of employment at the same or greater wage *relate to the disabling injury. Id.* at 257.

In *Livingwood,* the employee returned to work at the same wages after sustaining a disabling injury, but was subsequently terminated when he accidentally bumped a forklift he was operating into a pole while in an unfamiliar area. *Id.* at 252. We held that the employee's operation of the forklift did not rise to the level of intentional, deliberate action with a reckless disregard of the consequences either to himself or another, so as to preclude an award of double income benefits. *Id.* at 259. *See also Fuertes v. Ford Motor Co.,* 481 S.W.3d 808, 810 (Ky. 2016) ("this is a high standard and basic bad behavior will not bar application of the two multiplier."); *but see Chrysalis*

4

*House*, 283 S.W.3d at 673–74 (employee's conduct, which involved theft, would meet this standard).

In *Livingwood*, we noted that requiring proof of this high standard of conduct by an employee was consistent with other provisions of KRS Chapter 342 which evince "a legislative intent that an employee should not benefit from his own wrongdoing." 467 S.W.3d at 258. As we observed in *Chrysalis House*, the purpose of KRS 342.730(1)(c)(2) is to create an incentive for partially disabled workers "to return to work at which they will earn the same or a greater average weekly wage by permitting them to receive a basic benefit in addition to their wage but assuring them of a double benefit if this attempt proves to be unsuccessful." *Livingwood*, 467 S.W.3d at 256.

In the current case, as described by the Court of the Appeals,

> Klimko left his employment with Middletown following an incident that occurred on June 19, 2014. While servicing an air conditioner at a customer's house, Klimko found that the coil was leaking refrigerant. He called his manager to get a price on a replacement coil. During that call, he had a disagreement with his manager about Middletown's down-payment policies. The argument became heated, and Klimko told his manager that he was quitting. The manager asked Klimko to return to the office to discuss the matter, but Klimko again stated that he was going home. The customer called Middletown later to say that she had asked Klimko to leave because of his behavior. Middletown had to send another HVAC technician to the house because the customer's air conditioner was not functioning. Middletown retrieved Klimko's work truck later that day, and he returned his tools the following day.

Middletown argues that Klimko's misconduct precludes application of the 2x multiplier. The ALJ disagreed, stating:

> The ALJ does not view Plaintiff's resignation as an intentional, deliberate action with reckless disregard of the consequences to himself or another. In this case,

5

> substantial evidence does not establish Plaintiff's conduct was of that nature. Plaintiff resigned his position with the Defendant on June 19, 2014. Plaintiff resigned out of frustration on June 19, 2014. He voluntarily quit and returned the Defendant's equipment[.] Because Plaintiff stopped earning a same or greater wage, he is entitled to the 2x multiplier during this period.[3]

Middletown asserts that the ALJ clearly erred in finding that Klimko's conduct did not amount to an intentional, deliberate action with reckless disregard of the consequences to himself or another. Middletown emphasizes that Klimko deliberately quit in the middle of a job, and argues his actions damaged its relationship with a customer, forced it to send another HVAC technician to complete the work, and caused it to have to retrieve Klimko's work truck and equipment.

The Board, while finding Klimko's conduct to be "reprehensible," found sufficient evidence in the record to support the ALJ's finding that Klimko remained eligible for double income benefits. The ALJ found that Klimko merely resigned out of frustration, and not with a subjective intention to deliberately disregard the consequences of his actions. The Court of Appeals, while noting that Klimko's conduct was clearly unacceptable and would have been grounds for his termination if he had not resigned first, agreed with the Board that the ALJ's findings were within her discretion to conclude that Klimko's conduct did not amount to intentional, deliberate action with reckless disregard of the consequences to himself or another. Upon review, we conclude

---

[3] 2017 WL 2211072, at *2–3.

6

that substantial evidence exists to support the ALJ's findings and thus we decline to disturb them.

### III.    CONCLUSION.

For the foregoing reasons, we affirm the Court of Appeals' opinion.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Rodney Joseph Mayer
U'SELLIS & KITCHEN PSC

COUNSEL FOR APPELLEE,
MICHAEL KLIMKO:

Wayne C. Daub

COUNSEL FOR APPELEE,
WORKERS' COMPENSATION
BOARD:

Dwight Taylor Lovan

COUNSEL FOR APPELLEE,
ADMINISTRATIVE LAW JUDGE,
HONORABLE STEPHANIE L. KINNEY:

Stephanie L. Kinney