WOLF CREEK COLLIERIES,
Appellant,

v.

William H. CRUM; Thelma L. Stovall,
Commissioner of Labor (Special Fund)
and Workers' Compensation Board of
Kentucky, Appellees.

Thelma L. STOVALL, Commissioner of
Labor (Special Fund), Appellant,

v.

William H. CRUM; Wolf Creek Collier-
ies; and Workers' Compensation
Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Aug. 3, 1984.

Leo A. Marcum, Inez, for Wolf Creek Collieries.

Douglas A. U'Sellis, Dept. of Labor, Louisville, for Special Fund.

John W. Kirk, Inez, for William H. Crum.

Before CLAYTON, McDONALD and MILLER, JJ.

MILLER, Judge.

This is a workers' compensation case. It is an appeal where the circuit court misconstrued its authority to review a decision of the Workers' Compensation Board (board) under KRS 342.285. The circuit court did not agree with the decision of the board in "denying claimant benefits." The court then remanded to the

board with directions to find facts specified by the court. This is erroneous. The circuit court cannot direct the findings that the board shall make. *See Yocom v. Conley,* Ky.App., 554 S.W.2d 416 (1977), and *Young v. Tackett,* Ky., 481 S.W.2d 661 (1972). Nor can it substitute its judgment on the weight of evidence for that of the board by rendering its own findings. *See McCracken County Health Spa v. Henson,* Ky.App., 568 S.W.2d 240 (1977). The board's findings are conclusive. *See Armco Steel Corporation v. Mullins,* Ky., 501 S.W.2d 261 (1973). The authority of the circuit court, under KRS 342.285, is to review the board's decision in a "summary manner." It may be appropriate, and even desirable, for the court to articulate the basis of its decision, but it is never appropriate to render findings and conclusions upon the evidence before the board, or to direct that any specific finding be made by the board.

Once again, we state the scope of review as set out in a number of our decisions. *See Snawder v. Stice,* Ky.App., 576 S.W.2d 276 (1979); *Kentland Elkhorn Coal Co. v. Johnson,* Ky.App., 549 S.W.2d 308 (1977); *Holman Enterprise Tobacco Warehouse v. Carter,* Ky., 536 S.W.2d 461 (1976); *Armco, supra;* and *Young, supra.*

■■■ As indicated by this authority, the rule is: The claimant bears the burden of proof and risk of persuasion before the board. If he succeeds in his burden and an adverse party appeals to the circuit court, the question before the court is whether the decision of the board is supported by substantial evidence. On the other hand, if the claimant is unsuccessful before the board, and he himself appeals to the circuit court, the question before the court is whether the evidence was so overwhelming, upon consideration of the entire record, as to have compelled a finding in his favor. Of course, the same rule would apply to an employer as to issues upon which the employer bears the burden of proof (e.g., an "affirmative special defense").

It is our view that the judgment of the circuit court remanding to the board should be vacated, and that the circuit court should reconsider the record compiled before the board in accordance with the principles set out in this opinion.

All concur.