# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 19, 2015
NOT TO BE PUBLISHED

Supreme Court of Kentucky FINAL

2014-SC-000225-WC

DATE 3-12-15 Suit Crowth, D.C.

LOUISVILLE PAVING COMPANY                                   APPELLANT


                    ON APPEAL FROM COURT OF APPEALS
V.                      CASE NO. 2013-CA-002062-WC
                  WORKERS' COMPENSATION NO. 10-00820


MICHAEL JACKSON; R. ELSWICK TRUCKING;
JAMES LYNN, D/B/A J. LYNN TRUCKING;
HONORABLE THOMAS POLITES,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                 APPELLEES


                **MEMORANDUM OPINION OF THE COURT**

                            **AFFIRMING**

    Appellant, Louisville Paving Company, appeals a decision of the

Administrative Law Judge ("ALJ") which held that Kentucky has jurisdiction

over Michael Jackson's workers' compensation claim. Louisville Paving

contends that Kentucky does not have jurisdiction over the claim because

certain evidence indicates the work-related injury occurred in Indiana. For the

below stated reasons we affirm the Court of Appeals.

    At the time of the work-related injury, Jackson was employed by R.

Elswick Trucking LLC, a business located in New Albany, Indiana. Elswick

Trucking was hired by J. Lynn Trucking to haul materials for Louisville Paving

on June 29, 2010. That morning, Jackson picked up his truck in New Albany, and transported three loads of rock between a quarry in Louisville and an asphalt plant in Bullitt County. In the afternoon, Jackson transported four loads of asphalt from the quarry in Louisville to a site in Oldham County.

Jackson alleges that all of the asphalt would not come out of his truck bed when transferred to a paver. He stated that after each load he had to climb into the back of his truck and clean out the bed with a shovel. Louisville Paving refutes Jackson's claim that he cleaned the truck after each load because it had a policy which prohibited drivers from performing that task. It provides a backhoe for drivers to clean the bed if necessary. Additionally, Louisville Paving also provides a soap substance for drivers to coat their truck bed which helps prevent the asphalt from sticking. After the last load of asphalt was delivered, Jackson returned to Elswick Trucking in New Albany. At the trucking company, Jackson cleaned out the truck bed for the last time, a task which took about fifteen minutes and involved chipping away hardened asphalt with a shovel.

Jackson states that he did not feel any discomfort while working but that his back began to tighten up once he got home. The next morning was the first time he felt pain. The pain was so severe that he could not get out of bed or report to work. Jackson was treated at a hospital that night and three days later visited his family physician. Jackson ultimately underwent surgery to treat a low back strain. He has not returned to work since the work-related injury.

2

Jackson filed a claim for workers' compensation. The workers' compensation insurance, which Elswick Trucking maintained at the time of Jackson's injury, only covered injuries which occurred in Indiana. Therefore, the Uninsured Employers' Fund was added as a party. Louisville Paving was also added as a party because Elswick Trucking was acting as its sub-contractor.

The claim was first assigned to ALJ Richard Joiner. ALJ Joiner dismissed Jackson's claim finding that Kentucky did not have jurisdiction because he found the work-related injury occurred in Indiana. On appeal, the Workers' Compensation Board reversed and remanded the matter for ALJ Joiner to provide further analysis and facts for his conclusion. Before a new opinion could be rendered, the matter was reassigned to the current ALJ.

After an evidentiary hearing, the ALJ determined that Kentucky had jurisdiction over Jackson's claim. In so finding, he stated:

> [t]he ALJ is convinced that limited shoveling of asphalt in order to keep the truck bed cleaned is part of [Jackson's] job and while the ALJ does not believe that [Jackson] did an inordinate amount of asphalt shoveling on the day of injury, the ALJ is convinced that [Jackson] did in fact have to shovel asphalt during the afternoon of the day of injury in Kentucky, as well as in Indiana at the end of the day.
>
> . . .
>
> Given the finding that [Jackson] shoveled asphalt in Kentucky on the date of injury, when viewed in light of the unrebutted medical testimony that [Jackson's] injury was caused by shoveling asphalt, it is hereby determined that [Jackson] has suffered an injury that is compensable under the Kentucky Workers' Compensation Act given that it occurred in Kentucky.

The ALJ alternatively held that even if the work-related injury occurred in Indiana, extraterritorial jurisdiction existed per KRS 342.670. The ALJ

3

awarded Jackson temporary total disability benefits, permanent partial disability benefits, and medical expenses. Louisville Paving filed a petition for reconsideration which was denied. The Board and Court of Appeals affirmed, and this appeal followed.

Louisville Paving argues that the ALJ erred by finding that Kentucky has jurisdiction over Jackson's claim because it contends the work-related injury occurred in Indiana.[1] We note that the ALJ has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence regardless of whether it comes from the same witness or the same party's proof. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985). Since Jackson had the burden of proof, and prevailed before the ALJ, the question on appeal is whether the evidence supported the finding in his favor. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). "Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on appeal. The crux of the inquiry on appeal is whether the finding which was made is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000).

---

[1] Because we find that Kentucky has jurisdiction over this claim, we do not address Louisville Paving's argument regarding extraterritorial jurisdiction.

The ALJ's finding that at least part of Jackson's work-related injury occurred in Kentucky is supported by substantial evidence. Medical testimony indicated that Jackson's injury was caused by shoveling asphalt and the ALJ believed Jackson's testimony that he performed that task not only at the end of his shift in Indiana, but at least several times while in Kentucky. The ALJ was within his discretion to find that testimony credible. While there is evidence that Louisville Paving prohibited drivers from cleaning out the truck beds for safety reasons and provided them a soap substance to keep the asphalt from sticking to the truck beds, that alone does not discredit Jackson's testimony. The ALJ's findings are not unreasonable, and his finding that Kentucky has jurisdiction may not be disturbed.

For the above stated reasons, we affirm the decision of the Court of Appeals.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur.

COUNSEL FOR APPELLANT,
LOUISVILLE PAVING COMPANY:

Douglas Anthony U'Sellis

COUNSEL FOR APPELLEE,
MICHAEL JACKSON:

Charles E. Jennings

COUNSEL FOR APPELLEE,
R. ELSWICK TRUCKING:

Judson Fuller Devlin

COUNSEL FOR APPELLEE,
JAMES LYNN, D/B/A J. LYNN TRUCKING:

James R. Wagoner