# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 17, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

2015-SC-000115-WC

DATE 1-7-16 EnACrowtt D.C.

KEVIN REECE                           APPELLANT

V.                ON APPEAL FROM COURT OF APPEALS
                  CASE NO. 2014-CA-000380-WC
               WORKERS' COMPENSATION NO. 06-72669

INTEGRAL STRUCTURES, INC.;
HONORABLE CHRIS DAVIS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD               APPELLEES

## MEMORANDUM OPINION OF THE COURT

### REVERSING AND REMANDING

Appellant, Kevin Reece, appeals a Court of Appeals decision which affirmed the Administrative Law Judge's ("ALJ") finding that his workers' compensation award should not be enhanced by the two multiplier pursuant to KRS 342.730(1)(c)2. Reece argues that: 1) the ALJ misunderstood the reason his wages decreased; 2) the ALJ erred by relying on evidence not available when the claim was filed; and 3) the ALJ erroneously shifted the burden of proof onto him to prove that the cessation of greater wages was related to the work-related injury. Because of this Court's decision in *Livingood v. Transfreight, LLC*, 467 S.W.3d 249 (Ky. 2015), we reverse.

Reece suffered a work-related injury while refurbishing a storage unit for Appellee, Integral Structures, on October 25, 2006. The injury occurred when Reece was struck in his left eye and nose by a metal bracket from a garage door he was replacing. Reece suffered a fractured eye socket and underwent reconstructive surgery. Despite the surgery, Reece still experiences difficulty with depth perception, light sensitivity, and blurry vision. Reece underwent a second surgery to treat glaucoma.

Reece's treating physician, Dr. Louis Cantor, recommended several work restrictions due to the symptoms. Dr. Cantor believes that tasks requiring good binocular vision and depth perception would be difficult for Reece to perform. Reece usually was assigned lead or supervisory tasks before his injury. However, he indicated that after his injury, due to his inability to work on rooftops or high locations, he was no longer assigned those tasks. He was assigned the position of "helper" after Dr. Cantor submitted his recommended restrictions.

Reece testified that he earned $15.50 per hour at the time of his work-related accident. In January 2008, his hourly wage was increased to $17.50. However, Reece argues that Integral Structures reduced the number of hours he worked as a result of his physical limitations.

Reece filed for workers' compensation. The ALJ, after a review of the evidence, entered an opinion and order awarding Reece permanent partial disability ("PPD") benefits. The parties did not argue whether the two multiplier was applicable to Reece's award in the original proceeding. On appeal, the

Workers' Compensation Board ("Board") remanded the matter for the ALJ to make a finding regarding the applicability of the two multiplier to Reece's award in light of *Chrysalis House, Inc. v. Tackett*, 283 S.W.3d 671 (Ky. 2009). The Board's opinion specifically stated that "the decision on remand be based upon the evidence of record at the time the claim was submitted" and that "nothing that occurred after August 25, 2009 [was] relevant to the issues on remand." Before the ALJ could enter an opinion and order on remand, Reece filed a petition to reopen arguing that he was entitled to the two multiplier because Integral Structures further reduced the hours he worked and that he was ultimately terminated in November 2009.

After reviewing the additional evidence submitted by the parties, the ALJ made the following findings in his opinion and order on remand:

> The only real question then, put to us by *Chrysalis House,* is: Is the reason he earned less than on his date of injury from date of return to work through the date of submission of original claim, causally related to the work injury. In deciding this question I note the *res judicata* finding that, objectively, [Reece] does and did retain the capacity to return to the type of work done on the date of injury. I also note that as far as [Reece's] credibility I believe he has always been forthright and honest. Nonetheless, not unexpectedly, he has viewed all of the relevant events through a personal prism not always confirmed by the objective facts.
> Specifically, I have no doubt, since [Reece] has told me so, that his interactions and relationships with some of his supervisors were not always cordial when he refused to perform certain tasks. Regardless, the business records of [Integral Structures] are clear and convincing that during the timeframe in question [Integral Structures] total level of business was in decline. Certainly [Reece's] hours and total wages were not the only one whose were reduced.
> [Reece] has made subjective, if honestly made, arguments and allegations that his level of skill and experience were such that no other reasonable explanation can be given for why his hours

3

were reduced. I reject that theory. Of course [Reece] retains the burden of proof on this issue.

For the aforementioned reasons and including the fact that [Reece] has failed to offer any proof beyond his own opinion of his skills and his own subjective interpretation of events, which do not persuade me, I find that his is not entitled to any additional multipliers.

The ALJ made the following findings in his opinion and order on reopening regarding application of *Chrysalis House*:

I also note that as far as [Reece's] credibility I believe he has always been forthright and honest. Nonetheless, not unexpectedly, he has viewed all of the relevant events through a personal prism not always confirmed by the objective facts.

Specifically, I have no doubt, since [Reece] has told me so, that his interactions and relationships with some of his supervisors were not always cordial when he refused to perform certain tasks. Regardless, the business records of [Integral Structures] are clear and convincing that at the time [Reece] was laid off that much of the workforce of [Integral Structures] was either laid off or required to accept a pay cut. Later, as in several months, the workforce returned to a level close to, but not exceeding that at the time [Reece] was laid off. However, the pay rate of these employees is typically less than the pay rate of the same employees prior to [Reece's] lay off.

In short, [Reece] was laid off from his job due to economic reasons and not for reasons due to his work injury. While I understand that the timing of events, his lay off took place very close in time to the original decision being issued, and his arguments with his direct supervisors, concern him these are subjective, not objective concerns. Many other employees were laid off at the same time, not just him and he was not being singled out. There is no evidence his direct supervisors had a role in laying him off and in fact the evidence suggests the contrary in that assertion that the individual, Mr. Eckert, who provided this testimony was not the man with whom [Reece] has on site disputes with. Nor was Mr. Travis Varble, the man [Reece] says actually told him to stay home.

There is also no evidence, accepted by the undersigned that prior to his actual lay off that his gradual decrease in hours worked was due to the work injury. It is [Reece's] burden to prove that any reduction in his average weekly wage was due to the work injury. Given that I have already rejected the theory that he was being retaliated against and accepted the theory that [Integral

4

Structures] was suffering a wholesale, on-going loss in business there is no remaining compelling evidence to find his reduction in wages was due to the work injury.

In short, the evidence leads the undersigned to determine that the reason he lost his job, and thus his earning capacity from November, 2009 through July 2012 was in no way connected to his injury. Pursuant to *Chrysalis House, supra,* he is not entitled to any enhancement of his benefits pursuant to KRS 342.730(1)(c)2.

Reece filed a petition for reconsideration on the order on remand. He argued that the ALJ improperly based his decision on evidence that the Board instructed him not to review. Reece argued that the records introduced on remand only show that Integral Structures' business declined in 2010 and 2011, but did not explain the reduction in the hours he worked from 2007 through August 2009. Reece contended that his work-related injury was the cause for him earning reduced wages, and thus *Chrysalis House* does not bar application of the two multiplier. The petition for reconsideration was denied. The Board affirmed the ALJ. The Court of Appeals also affirmed, and this appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *W. Baptist Hosp. v. Kelly,* 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction,

or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* The ALJ, as fact-finder, has the sole discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985).

Reece first argues that the ALJ must have misunderstood the evidence by finding that his wages were reduced due to Integral Structures' business problems and not the work-related injury. However, in finding for Reece on this issue, we need not address the ALJ's analysis of the evidence. Since the ALJ issued the opinion and order on remand and the opinion and order on reconsideration, this Court has reversed the portion of *Chrysalis House*, 283 S.W.3d 671, which held that the claimant's failure to earn the same or greater wages must relate to the work-related injury before the two multiplier may be awarded. *Livingood*, 467 S.W.3d at 249. Instead, "KRS 342.730(1)(c)2 permits a double income benefit during any period that employment at the same or a greater wage ceases 'for any reason, with or without cause,' except where the reason is the employee's conduct shown to have been an intentional, deliberate action with a reckless disregard of the consequences either to himself or to another." *Id.* at 259

On remand, the ALJ should make a finding of whether Reece engaged in conduct which constitutes deliberate malfeasance as outlined in *Livingood* that led to the reduction of hours he worked and ultimate termination. If he did not engage in such conduct, the two multiplier may be applied to his award. Thus,

6

we reverse the decision of the Court of Appeals and remand the matter to the ALJ.

Reece has raised two other arguments which we will briefly address. First, Reece argues that the ALJ erred in his opinion and order on remand by relying on business records which show Integral Structure's financial performance after August 25, 2009. This evidence was filed as a part of the record on the motion to reopen. We agree that the ALJ erred because the Board specifically instructed him to make findings on remand based on the evidence already submitted dealing with events occurring before August 25, 2009.

Second, Reece argues that the ALJ erred by placing upon him the burden to prove the cessation of greater wages was for reasons other than his work-related injury. Reece, as claimant, "bears the burden of proof and the risk of non-persuasion before the fact-finder with regard to every element of a workers' compensation claim." *Magic Coal Co. v. Fox*, 19 S.W.3d 88, 96 (Ky. 2000). However, employers have the burden of proving affirmative defenses. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984). Because a finding that the employee engaged in certain wrongdoing is a defense to an employer's payment of the two multiplier, the burden is on the employer to show that such acts occurred.

Thus for the above stated reasons, we reverse the decision of the Court of Appeals and remand this matter for proceedings consistent with this opinion.

Minton, C.J.; Abramson, Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur. Wright, J., not sitting.

COUNSEL FOR APPELLANT,

KEVIN REECE:

Wayne C. Daub

COUNSEL FOR APPELLEE,
INTEGRAL STRUCTURES, INC.:

Rodney Joseph Mayer