RENDERED: OCTOBER 16, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0623-WC

GENERAL MOTORS CORPORATION              APPELLANT

                 PETITION FOR REVIEW OF A DECISION
v.             OF THE WORKERS' COMPENSATION BOARD
                 ACTION NO. WC-18-84353

MECA DUNN; HON. GRANT S.
ROARK, ADMINISTRATIVE LAW
JUDGE; AND WORKERS'
COMPENSATION BOARD                APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KRAMER, AND TAYLOR, JUDGES.

ACREE, JUDGE: General Motors Corporation ("GM") appeals the Workers'
Compensation Board's April 2, 2020 opinion affirming the Administrative Law
Judge's ("ALJ") order awarding Meca Dunn permanent partial disability benefits.
GM's only issue on appeal is whether Dunn's benefits should have been enhanced

by the 3x multiplier pursuant to KRS[1] 342.730(1)(c)1. Upon careful review, we affirm.

## BACKGROUND

The facts in this appeal are not in dispute. Dunn worked as a carpet installer at GM's Corvette plant. The job required her to secure carpet to the floorboards of cars that came across the assembly line using a torque gun. Dunn's specific job at the time of her injury was installing carpet on the passenger floorboards of cars, which could only be performed by using the torque gun with her left hand. On January 18, 2018, she sustained a work-related injury to her left wrist while operating the torque gun.

The parties stipulated that Dunn sustained a work-related injury to her left wrist and that her average weekly wage was $677.17. The parties even agreed that her injury warranted a 5% impairment rating. The only point of contention before the ALJ was whether Dunn's permanent partial disability benefits should be enhanced by the 3x multiplier. The ALJ found that the carpet installation position held by Dunn at the time of her injury was on the passenger side of the cars, which could only be performed by operating a torque gun with her left hand. He also found credible the testimony from three doctors, each of whom concluded Dunn "should be restricted from using the kind of torque gun she was using at the time of

---

[1] Kentucky Revised Statutes.

the injury due to her left wrist." Based on this, the ALJ concluded that Dunn did not retain the physical capacity to return to the type of work she performed at the time of her injury. Accordingly, the ALJ awarded Dunn permanent partial disability and enhanced it by three times.

GM filed a petition for reconsideration, which was denied. It then appealed to the Workers' Compensation Board, asserting Dunn could use the torque gun with her right hand and simply perform her job on the driver's side of cars on the assembly line. The ALJ's order was affirmed. This appeal followed.

## STANDARD OF REVIEW

Our review of an opinion of the Workers' Compensation Board is limited. We only reverse the Board's opinion when "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). In reviewing the Board's opinion, we look to the ALJ's opinion. The ALJ's findings of fact will not be disturbed if supported by substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984). And, the ALJ, as fact-finder, possesses the discretion to judge the credibility of testimony and weight of evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Our review proceeds accordingly.

## ANALYSIS

GM's only contention is that Dunn is not entitled to the 3x multiplier. Specifically, it challenges the ALJ's factual finding that Dunn did not retain the ability to return to the "type of work" she performed at the time of her injury. We find substantial evidence supports the ALJ's finding.

> Pursuant to KRS 342.730(1)(c)1.:
>
> If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined under paragraph (b) of this subsection . . . .

KRS 342.730(1)(c)1. "When used in the context of an award that is based upon an objectively determined functional impairment, 'the type of work that the employee performed at the time of injury' was most likely intended by the legislature to refer to the *actual jobs* that the individual performed." *Voith Indus. Servs., Inc. v. Gray*, 516 S.W.3d 817, 821 (Ky. App. 2017) (emphasis added) (quoting *Ford Motor Co. v. Forman*, 142 S.W.3d 141, 145 (Ky. 2004)).

GM concedes that Dunn is unable to complete carpet installation on the passenger side of cars because she cannot physically operate a torque gun with her left hand. However, it contends, "her 'type of work' at GM is that of assembly line worker, not a 'torque gun on the passenger door associate.'" It argues there are no restrictions prohibiting her from performing other jobs at GM, including the

-4-

installation of carpet on the driver's side, which would require the use of a torque gun with her right hand.  And Dunn concedes she could operate a torque gun with her right hand.

We cannot agree with GM's contention that because Dunn retained the ability to perform different assembly line jobs at the plant the 3x multiplier was inappropriate.  KRS 342.730(1)(c)1. requires the ALJ to determine whether Dunn could return to the "type of work" being "performed at the time of injury."  As GM is aware, assembly lines consist of a multitude of jobs, some requiring more strenuous physical or mental capabilities than others.  The ALJ was not required to analyze whether Dunn retained the physical capability to perform jobs that required different day-to-day functions.  *See Lowe's No. 0507 v. Greathouse*, 182 S.W.3d 524, 527 (Ky. 2006) ("KRS 342.730(1)(c)1 provides a triple benefit for a loss of the physical capacity to perform 'the type of work that the employee performed at the time of injury.'  It does not refer to the capacity to perform other types of work.").

However, GM's argument that Dunn retained the physical capacity to return to her "type of work" because she could perform carpet installation on the driver's side of cars is well-taken.  At first glance, this seems to fall within the category of the "type of work" Dunn was performing at the time she was injured.  In fact, it is the identical job merely being performed on the opposite side of the

-5-

car.  The problem, however, is the Kentucky Supreme Court has defined "type of work" as "the *actual jobs* that the individual performed."  *Ford Motor Co.*, 142 S.W.3d at 145 (emphasis added).  Here, the ALJ found that the actual job Dunn was performing at the time of her injury was carpet installation on the passenger side of cars, which could only be performed with her left hand.  GM does not challenge that this was Dunn's day-to-day job.  The ALJ also found credible the testimony of three separate doctors, each of whom determined she was unable to operate a torque gun with her left hand.  Additionally, Dunn herself testified she was unable to install carpet on the passenger side of cars due to her injury.

We conclude this is substantial evidence supporting the ALJ's finding that Dunn did not retain the physical capacity to return to the "type of work" she was performing at the time of her injury – installing carpet on the passenger side of cars.

GM also argues the ALJ misapplied the law.  Specifically, it argues the ALJ should have considered Dunn's ability to perform "comparable work" that earns the same or similar income as her pre-injury employment.  It relies on *Fawbush v. Gwinn*, 103 S.W.3d 5 (Ky. 2003), and its progeny.  GM does not include in its brief where this issue was preserved for appeal.  And, it was not addressed in the Workers' Compensation Board's opinion.  Nonetheless, we are not persuaded by this argument.

The *Fawbush* line of cases deals with the interrelationship between KRS 342.730(1)(c)1. and (1)(c)2. and is only applicable where the injured employee has returned to employment, either with the same employer or for a different employer, and is earning a weekly wage equal to or greater than the average weekly wage at the time of injury. GM contends Dunn currently works as a manager at the hat store "Lids" and earns "basically the same" hourly wage as she did at GM. GM provides no citation to the record supporting this contention. The only evidence before this Court comes from Dunn's brief, which directs us to her deposition where she testified to earning $13.88 per hour, substantially less than her salary at GM. Accordingly, GM has failed to put forth sufficient evidence to support its claim.

## CONCLUSION

Based on the foregoing, the Workers' Compensation Board's April 2, 2020 opinion is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Walter E. Harding
Louisville, Kentucky

BRIEF FOR APPELLEE MECA DUNN:

Joseph V. McReynolds
Bowling Green, Kentucky