RENDERED: MAY 28, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1589-WC

JARVIS HELTON                                           APPELLANT

|  |  |
|---|---|
| v. | PETITION FOR REVIEW OF A DECISION OF THE WORKERS' COMPENSATION BOARD ACTION NOS. WC-20-00095, WC-19-01427 AND WC-19-01426 |

ROCKHAMPTON ENERGY, LLC;
HON. CHRIS DAVIS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                         APPELLEES

## OPINION
## AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND MCNEILL, JUDGES.

ACREE, JUDGE: Jarvis Helton appeals the Workers' Compensation Board's ("Board") November 13, 2020 opinion affirming in part, and reversing in part, the Administrative Law Judge's ("ALJ") award of permanent partial disability ("PPD") benefits. For the reasons stated herein, we affirm.

# BACKGROUND

Helton has been a coal miner since 1998. He began working for Rockhampton Energy, LLC ("Rockhampton") in 2013, as an electrician/repairman. On September 2, 2019, he was laid off.

Helton filed a Form 101 on November 19, 2019, alleging injuries to his neck and low back caused by cumulative trauma while working for Rockhampton.[1] A final hearing was held on May 13, 2020. The ALJ found Helton's back and neck injuries were the result of work-related cumulative trauma. He was assigned a 10% impairment rating. The ALJ further found the date of manifestation of these injuries was November 16, 2018, and this was the date from which Helton's benefits were to commence.

The ALJ then addressed the applicability of multipliers. He determined that Helton retained the physical capacity to return to the type of work performed on the date of his injury. Thus, the 3x multiplier did not apply. KRS[2] 342.730(1)(c)1. However, he did determine that the 2x multiplier applied under KRS 342.730(1)(c)2. Specifically, the ALJ said, "[F]ollowing November 16, 2018, his date of manifestation, [Helton] worked another 9½ months, at his normal

---

[1] Helton brought multiple claims. These claims were consolidated; the only issues on appeal relate to his neck and back.

[2] Kentucky Revised Statutes.

rate of pay." (Record "R." at 337). And, because he earned no income following his September 2, 2019 layoff, his benefits beyond this date were to be multiplied by two in accordance with KRS 342.730(1)(c)2.

Rockhampton appealed to the Board, arguing among other things that the 2x multiplier was not applicable. The Board agreed. Specifically, it noted:

> It is undisputed Helton continued to perform his regular job after his low back and neck symptoms arose and worsened to the point he sought medical care. Helton only ceased working when he was laid off due to the mine closing on September 2, 2019. Helton has not returned to any work since the date of the layoff. . . . the ALJ found the two-multiplier applicable beginning September 3, 2019, when Helton stopped earning any wages due to the layoff. As in [*Bryant v. Jessamine Car Care*, No. 2018-SC-000265-WC, 2019 WL 1173003 (Ky. Feb. 14, 2019)], there was no "return" to work pursuant to KRS 342.730(1)(c)(2) because there was no cessation followed by a resumption. Helton simply continued in his regular employment until he was laid off. Therefore, we reverse the ALJ's determination that the two-multiplier is applicable beginning September 3, 2019.

(R. at 404-05). This appeal followed.

## ANALYSIS

Our review of an opinion of the Workers' Compensation Board is limited. We only reverse the Board's opinion when "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). In reviewing the Board's opinion, we look to

the ALJ's opinion. The ALJ's findings of fact will not be disturbed if supported by substantial evidence. *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky. App. 1984).

Helton's sole argument on appeal is that the Board erred in reversing the ALJ's application of the 2x multiplier.[3] We find no error.

KRS 342.730(1)(c)2 states:

> If an employee **returns to work** at a weekly wage equal to or greater than the average weekly wage at the time of injury, the weekly benefit for permanent partial disability shall be determined under paragraph (b) of this subsection for each week during which that employment is sustained. During any period of cessation of that employment, temporary or permanent, for any reason, with or without cause, payment of weekly benefits for permanent partial disability during the period of cessation shall be two (2) times the amount otherwise payable under paragraph (b) of this subsection. This provision shall not be construed so as to extend the duration of payments.

KRS 342.730(1)(c)2 (emphasis added).

The Board relied upon our Supreme Court's unpublished opinion in *Bryant v. Jessamine Car Care*, No. 2018-SC-000265-WC, 2019 WL 1173003 (Ky. Feb. 14, 2019). The claimant in *Bryant* was injured on June 13, 2013 and, like

---

[3] Helton also states, "If anything, Helton is entitled to the x3 multiplier has [sic] he has not returned to work in any capacity, nor is he earning any wages." In addition, the bulk of his brief is spent discussing medical testimony supporting his inability to return to work. We simply note that this issue was not raised before the Board. Therefore, it is waived.

Helton, continued to work until his termination date in September 2015. Our Supreme Court noted:

> [T]he ALJ erred in determining the 2 multiplier applied under KRS 342.730(1)(c)(2). That multiplier only applies if the claimant returns to work after the injury. After Bryant was terminated, he did not *return* to work. ALJ Coleman cited to Bryant's June 2013 injury but that he continued to work until September. However, this *continuation* of work is not a return to work under KRS 342.730(1)(c)(2). To qualify as such a "return," there must be a cessation followed by a resumption. Bryant simply continued on in his regular employment until he was discharged. Since that time, ALJ Coleman made no finding of a "return" to employment at a wage equal to or greater than his average weekly wage at the time of injury. The 2 multiplier has no bearing on Bryant's case.

*Bryant v. Jessamine Car Care*, No. 2018-SC-000265-WC, 2019 WL 1173003, at *7 (Ky. Feb. 14, 2019) (footnote omitted). This rationale is consistent with the plain language of the statute.

Helton contends the Board erred because it misunderstood the medical evidence. However, the evidence cited in his brief is not relevant to application of the 2x multiplier. The only fact relevant to this issue is that Helton continued working from the date of manifestation until his layoff. Accordingly, there was no cessation followed by a resumption, constituting a "return to work."

## CONCLUSION

Based on the foregoing, we affirm the Workers' Compensation Board's November 13, 2020 opinion.

ALL CONCUR.


BRIEF FOR APPELLANT:

McKinnley Morgan
London, Kentucky

BRIEF FOR APPELLEE
ROCKHAMPTON ENERGY, LLC:

J. Gregory Allen
Pikeville, Kentucky