RENDERED:  SEPTEMBER 8, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1274-MR

CHRISTOPHER JOHN BRENNAN                 APPELLANT

v.           APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 22-CI-00163

PROGRESS RAIL SERVICES, A
CATERPILLAR COMPANY;
DEPARTMENT OF WORKER
COMPENSATION; AND
HONORABLE R. ROLAND CASE,
ADMINISTRATIVE LAW JUDGE                  APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  Christopher John Brennan appeals from orders of

the Kenton Circuit Court which dismissed the claims against Progress Rail

Services, a Caterpillar Company; the Department of Workers Claims; and the

Honorable R. Roland Case.  The trial court held that it did not have jurisdiction over the case.  We agree and affirm.

## FACTS AND PROCEDURAL HISTORY

On May 17, 2019, Appellant alleged that he suffered a work-place injury during his employment with Progressive Rail Services.  He claimed that while bending and pulling on a tool, he suddenly felt nauseous, had a bowel movement, and developed a headache.  He went home early that day, but returned to work the next day.  Upon his return, he notified his supervisor of the event.  He also indicated that his abdomen felt different and a "piece of skin had appeared."

Appellant continued working in the same position for the next three months until he was terminated for unrelated reasons.  During this time, Appellant did not seek out medical treatment.  Shortly after his termination, however, Appellant went to his local emergency room.  The ER note indicated a diagnosis of abdominal, epigastric, and umbilical pain.  Appellant also informed his doctor about the work-place incident in May.  The next day, Appellant went to his primary care physician.  That doctor believed Appellant had an umbilical hernia.

Appellant was referred to another doctor who performed an umbilical hernia surgery on September 6, 2019.  Appellant was released to resume his regular activities one month later.  In April of 2020, Appellant made a workers' compensation claim.  In December of 2020, Progressive submitted an independent

medical examination report from Dr. David Randolph. Dr. Randolph reviewed Appellant's medical records and concluded that there was insufficient evidence that the umbilical hernia was caused during the May, 2019 work-place incident. Dr. Randolph believed that if Appellant had suffered from a hernia in May, then the pain and debilitating nature of the hernia would have led to earlier treatment. Dr. Randolph believed the May incident was caused by an acute bout of gastroenteritis.

The administrative law judge (ALJ) who presided over Appellant's workers' compensation case found that there was no evidence to establish that the hernia was work-related and denied medical benefits. The Workers' Compensation Board affirmed the finding that the hernia was not work-related. Appellant did not appeal the judgment of the Workers' Compensation Board.

On February 7, 2022, Appellant, *pro se*, filed a civil case against Progressive, the Department of Workers' Claims, and the ALJ assigned to his compensation case. Appellant argued that he was entitled to benefits and damages due to his work-related injury. Appellees then moved for dismissal arguing that the Workers' Compensation Act provided the exclusive remedy for Appellant's alleged work-place injury and that the circuit court lacked subject matter jurisdiction. The trial court agreed and dismissed the action. This appeal followed.

## ANALYSIS

Kentucky Revised Statutes (KRS) 342.690(1) states in pertinent part:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.

"The effect of this statute is that KRS [3]42.690(1) . . . shield[s] a covered employer and its insurer from any other liability to a covered employee for damages arising out of a work-related injury." *Kentucky Employers Mut. Ins. v. Coleman*, 236 S.W.3d 9, 13 (Ky. 2007) (internal quotation marks and citation omitted). "[I]n the realm of work-related injuries what ordinarily would be considered a tort claim is instead completely removed from tort and placed into a specially designed statutory framework – the Workers' Compensation Act. Any tort claim the employee may have had against his employer is extinguished by workers' compensation." *American General Life Insurance Company v. DRB Capital, LLC*, 562 S.W.3d 916, 927 (Ky. 2018) (footnote omitted).

Here, Appellant alleged he suffered from a work-related injury and was entitled to benefits. Appellant had the burden of proof to prove that he had a work-related injury, *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984), but failed. The ALJ in the workers' compensation case held there was

insufficient evidence to prove a work-related injury and denied benefits. The Board then affirmed this conclusion. Appellant still believed he had a work-related injury and brought the underlying cause of action. The trial court was correct in dismissing the case for lack of jurisdiction. The only remedy for Appellant was for him to succeed in his workers' compensation case. According to the above cited statute and case law, Appellant cannot also bring a lawsuit against his employer in the circuit court.

## <u>CONCLUSION</u>

Based on the foregoing, we affirm the judgment of the circuit court and conclude that this case was properly dismissed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Christopher John Brennan, *pro se*
Cincinnati, Ohio

BRIEF FOR APPELLEE PROGRESS
RAIL SERVICES:

Eileen M. O'Brien
Lexington, Kentucky

BRIEF FOR APPELLEES
DEPARTMENT OF WORKERS'
CLAIMS, KENTUCKY LABOR
CABINET AND R. ROLAND CASE,
ADMINISTRATIVE LAW JUDGE:

B. Dale Hamblin, Jr.
Lori Meister
Frankfort, Kentucky