RENDERED: AUGUST 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

### NO. 2024-CA-0727-WC

MARTIN MARIETTA MATERIALS,
INC.                                                                                    APPELLANT


PETITION FOR REVIEW OF A DECISION
v.            OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-23-00617


JAMES STAMPER; HONORABLE
GRANT ROARK, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD OF
KENTUCKY                                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND KAREM, JUDGES.

COMBS, JUDGE: Appellant, Martin Marietta Materials, Inc., appeals from a
decision of the Workers' Compensation Board affirming an award of the
Administrative Law Judge. After our review, we affirm.

On June 20, 2023, Stamper filed an Application for Resolution of Injury Claim (Form 101) against Martin Marietta, alleging a May 5, 2023, cumulative trauma injury to multiple body parts. In support of his claim, Stamper filed the Form 107 Medical Report of John W. Gilbert, M.D.

Dr. Gilbert examined Stamper on June 15, 2023. His chief complaint was bilateral knee pain and bilateral lumbar radiculopathy. The attached job description questionnaire dated June 15, 2023, reflected that Stamper had worked for Martin Marietta for 12 years. Stamper described his job duties as "Run heavy equipment, office work, mechanical repair of heavy equipment." Dr. Gilbert stated that he reviewed "One to one-and-a half inches of medical records and treatment records . . . . Of note he has got degenerative changes and osteophytes L4 to S1 on an x-ray of his lumbar spine dated 12/03/2020."

Dr. Gilbert diagnosed "[b]ilateral lumbar radiculopathy and bilateral reproducible weakness in both knees secondary to 12 years of working in a rock quarry as a mechanic and operating a dozer." Dr. Gilbert assigned a combined 30% permanent impairment rating body as a whole impairment rating based upon the Fifth Edition of the AMA Guides to the Evaluation of Permanent Impairment (the Guides), attributing 13% for bilateral lumbar radiculopathy and 10% for each knee. According to Dr. Gilbert, Stamper did not have an active impairment prior to the injury. Dr. Gilbert opined that the work event as described to him is the cause

of the impairment found. Dr. Gilbert did not believe that any part of Stamper's impairment was attributable to another cause.

Martin Marietta filed the report of John Cancian, M.D. who saw Stamper for an Independent Medical Exam (IME) on October 4, 2023. Dr. Cancian diagnosed lumbar spondylosis without radiculopathy. He opined that "[t]here is no objective evidence of any degenerative conditions which are more significant than would be expected of an individual of the claimant's age and BMI. As such, there is no evidence of any cumulative injury." Dr. Cancian did not believe that either knee condition was caused by cumulative trauma. "Causation aside," Dr. Stamper assigned a 0% impairment for the low back, 0% for the left knee, and a 4% whole person to the right knee based upon the Guides.

On September 22, 2023, Stamper testified by deposition. At that time, he was 67 years of age. On February 12, 2012, Stamper began working for a quarry -- Bluegrass Materials -- which eventually became Martin Marietta, where he worked until May 5, 2023. Stamper testified that he started as a mechanic on heavy equipment. He was a mechanic until 2018 or 2019 and then plant manager until 2023. Stamper described the mechanic work as "[non]stop heavy work on your knees, climbing inside and out of equipment and just continuously changing parts . . . a never ending process . . . . And everything's heavy . . . everything you handle is heavy . . . ." The work was getting to be too much for him. Stamper

testified that he had talked to some people in management and that they knew that he was going to retire early if they did not move him. By 2023, Stamper had been plant manager for five years. During that time, he was also a dozer operator three or four months of the year when they were short-handed during the winter. Stamper did not give management a reason for retiring; he just told them that he was going to retire.

Martin Marietta deposed its area production manager, Ed Rose, who testified that Stamper was plant manager at the Harlan and Cumberland Quarries. Stamper had previously worked for Bluegrass. In 2018, when Martin Marietta acquired Harlan Quarry from Bluegrass, Stamper came on as active plant manager, a position which entailed supervising production of the active quarry and personnel. Stamper held that position for five years until he retired. According to Rose, about ten percent of Stamper's day consisted of administrative-type duties; the rest involved overseeing the operation and making sure that everything was going safely. Although Stamper did not have any specific maintenance or mechanical duties, Rose believed that Stamper "did do some of them and help out." Rose agreed that Stamper operated the rental dozer, which entailed taking topsoil off virgin ground so that they could get a drill in. According to Rose, Stamper never said that he was retiring due to physical problems. A copy of

Stamper's December 14, 2022, retirement letter, advising that his last day of work would be May 5, 2023, was entered as an Exhibit.

Stamper testified at the November 28, 2023, final hearing. Asked about when he changed from heavy equipment mechanic to plant manager, Stamper testified that "the job came open and I was . . . I was gonna retire because I . . . I was getting past being able to do the mechanic job. Then they realized that, so they offered me the position and I took it." Stamper explained that he was unable to do the mechanic job from a physical standpoint.

Stamper testified that he has pain in the upper and lower back "just about 24 hours a day." He also has leg pain and knee pain. Lifting increases his pain which also affects his ability to sit and stand. Stamper testified that he retired because:

> I was just getting where I couldn't hardly . . . couldn't
> stand to sit in a chair all day and ride around in a truck
> and stuff like that. I mean, I was pretty miserable all day,
> and I just felt like it was getting time for me to give it up
> while I was still being able to move any.

Stamper did not believe he could return to his job as plant manager, due to "[t]he same 'ol stuff. Sitting at the desk. I can't sit very long. And out walking around in the rock piles and stuff evaluating stuff." Because of the way he now felt, Stamper did not believe that he could run the equipment in the winter.

On January 29, 2024, the Administrative Law Judge (ALJ) rendered an Opinion, Award, and Order, as follows in relevant part:

> [W]ith respect to plaintiff's lower back condition, the ALJ is persuaded by plaintiff's testimony and Dr. Gilbert's opinions that plaintiff has a work-related cumulative trauma injury. Specifically, plaintiff described his work activities with the defendant employer, before he became a plant manager, as requiring very repetitive bending and heavy lifting in his job as a heavy equipment mechanic. He further indicated that even after becoming a plant manager, he would operate heavy equipment for at least three months out of the year, which he indicated put further trauma to his lower back operating the heavy equipment and a rock quarry. In this regard, Dr. Gilbert's opinions are simply found more persuasive than the contrary opinions from Dr. Cancian. It is therefore determined plaintiff's lower back condition is work-related and compensable.

The ALJ awarded Stamper permanent partial disability benefits based upon Dr. Gilbert's 13% impairment rating for the back and related medicals pursuant to KRS[1] 342.020. The ALJ dismissed Stamper's claim for cumulative injuries to his knees, being unpersuaded that Stamper had met his burden of proof on that issue.[2]

On February 1, 2024, Martin Marietta filed a petition for reconsideration asking the ALJ "to reconsider his opinion as to causation" of

---

[1] Kentucky Revised Statutes.

[2] Stamper did not appeal the dismissal of his knee claims.

Stamper's low back condition. By Order rendered February 20, 2024, the ALJ denied Martin Marietta's petition "as a reargument of the merits of the claim which have already been decided."

Martin Marietta appealed to the Workers' Compensation Board (the Board), which affirmed by Order entered on May 17, 2024, as follows in relevant part:

> [Martin Marietta] argues Dr. Gilbert's opinions do not constitute substantial evidence, and further argues they were based on an incorrect medical history, relying on Cepero v. Fabricated Metals Corp., [132 S.W.3d 839 (Ky. 2004).] We disagree. Dr. Gilbert examined Stamper and reviewed medical records, including diagnostic studies. He explained the basis for his opinions. This clearly constitutes substantial evidence which can be relied upon by the ALJ in making his determinations regarding the issues of work relatedness/causation.
>
> [Martin Marietta's] reliance on Cepero v. Fabricated Metals Corp., supra, is misplaced. This claim is distinguishable from Cepero . . . . In Cepero, the Supreme Court found a medical opinion erroneously premised on the claimant's egregious omission of directly relevant past medical history was sufficient to mandate reversal based on an insufficient history received by the medical expert. The Court held a "medical opinion predicated upon such erroneous or deficient information that is completely unsupported by any other credible evidence can never, in our view, be reasonably probable." Id.
>
> After reviewing the evidence and the ALJ's decision, we conclude Dr. Gilbert was not provided a history so inaccurate or incomplete as to render his

-7-

opinion lacking in probative value. . . . Therefore, we find the holding in Cepero v. Fabricated Metals Corp., supra, is inapplicable.

. . .

[Martin Marietta] argues Dr. Gilbert's report does not contain the precise language outlined in Haycraft [v. Corhart Refractories Co., 544 S.W.2d 222 (Ky. 1976)], that Stamper's work at [Martin Marietta] "probably aggravated a degenerative condition" sooner than would be expected of a man Stamper's age and argues it does not, therefore, constitute substantial evidence. We agree Dr. Gilbert's report could have more specifically described the nexus between Stamper's work at [Martin Marietta] and his finding of injury caused by cumulative trauma. However, it is the quality and substance of a physician's testimony, not the use of particular "magic words," that determines whether it rises to the level of reasonable medical probability to the level necessary to prove a particular medical fact. Brown-Forman Corp. v. Upchurch, 127 S.W.3d 615, 621 (Ky. 2004) (citing Turner v. Commonwealth, 5 S.W.3d 119, 122-123 (Ky. 1999)). Dr. Gilbert's report, combined with all the medical evidence, and Stamper's credible testimony regarding his history of back pain constitute substantial evidence. The ALJ is charged with determining the weight of the evidence. Accordingly, although conflicting medical evidence exists, the ALJ chose to rely on Dr. Gilbert's opinions, as opposed to those expressed by Dr. Cancian, in finding Stamper's injuries resulted from work-related cumulative trauma. The ALJ could reasonably rely upon the totality of the evidence, and his determination will not be disturbed.

Martin Marietta appeals. It contends that the history provided by Stamper to Dr. Gilbert was so inaccurate as to violate *Cepero*, *supra*, and that

Stamper's proof does not satisfy the standard required by *Haycraft, supra.* Once

again, Martin Marietta merely reargues its case.

> The ALJ has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence regardless of whether it comes from the same witness or the same party's proof. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985). If the party with the burden of proof is successful before the ALJ, the question on appeal is whether the ALJ's opinion was supported by substantial evidence. *Wolf Creek Collieries v. Crum,* 673 S.W.2d 735 (Ky. App. 1984). The Board is charged with deciding whether the ALJ's finding "is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law." *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48 (Ky. 2000); KRS 342.285. When reviewing the Board's decision, we reverse only where it has overlooked or misconstrued controlling law or so flagrantly erred in evaluating the evidence that it has caused gross injustice. *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685 (Ky. 1992).

*GSI Commerce v. Thompson*, 409 S.W.3d 361, 364 (Ky. App. 2012). We perceive

no such error in the case before us. Quite the contrary. We agree with the Board's

thorough analysis.

Accordingly, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Rodney J. Mayer
John H. McCracken
Louisville, Kentucky

BRIEF FOR APPELLEE JAMES STAMPER:

McKinnley Morgan
London, Kentucky