RENDERED:  OCTOBER 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1048-WC

TIA BROWN                                                      APPELLANT

PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-23-01117

EVENT MARKETING GROUP; CLUB
DEMONSTRATION SERVICES,
A/K/A ADVANTAGE SALES AND
MARKETING; HONORABLE
SAMUEL J. BACH,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND MOYNAHAN,
JUDGES.

THOMPSON, CHIEF JUDGE:  Tia Brown, *pro se*, appeals from an opinion and

order of the Workers' Compensation Board which affirmed an order of an

administrative law judge (ALJ).  The ALJ and Board both held that Appellant did

not sustain a workplace injury. Appellant argues that the ALJ erred by finding no relationship between her employment and her injury, that the ALJ relied on improper evidence, and that the ALJ failed to join Costco as an up-the-ladder employer. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

In 2019, Appellant was involved in two motor vehicle accidents and suffered some neck pain due to whiplash. She was treated via chiropractic care and physical therapy. In January of 2022, Appellant began working for Event Marketing Group. Event Marketing Group provided personnel to Club Demonstration Services. Club Demonstration Services had a contract with Costco to set up demonstrations of products and hand out food samples at Costco. Appellant was one such employee who worked at Costco.

After about six months of working at Costco, on July 7, 2022, Appellant presented to a physical therapist complaining of shoulder, neck, and back pain. This pain would come and go, and sometimes worsen, over the next two years that Appellant worked for Event Marketing Group. Appellant was ultimately diagnosed with degeneration in sections of her cervical and lumbar spine. Appellant believed her employment caused these issues due to repetitive movement and being required to stand for five hours a day without adequate

shock-absorption matting. In other words, Appellant believed she suffered from work-related cumulative trauma.

Appellant eventually raised a claim for workers' compensation benefits. Event Marketing Group did not have workers' compensation insurance at the time of her employment. Club Demonstration Services was later added to the case as an up-the-ladder employer. Club Demonstration Services did have workers' compensation coverage. During the proceedings, Event Marketing Group and Club Demonstration Services argued that Appellant's injury was not work-related cumulative trauma but related to her 2019 automobile accidents and the natural aging process.

Appellant primarily relied on the medical opinion of Dr. Courtney Paulson, a chiropractor in Louisville, Kentucky, who performed physical exams and x-rays on Appellant. Dr. Paulson believed that Appellant's injury was work-related cumulative trauma caused by repetitive movements and long periods of standing. Dr. Paulson also indicated that some of her injury was caused by "repetitive microtraumas in her daily life." Appellees primarily relied on a report by Dr. Thomas Menke, an orthopedic surgeon in Lexington, Kentucky. Dr. Menke opined that Appellant's injury was not work related but was caused by general degenerative change due to aging. Dr. Menke also believed it would be medically

improbable for cumulative trauma to have caused her issues within six months of her starting to work at Costco.

The ALJ who presided over Appellant's case ultimately found Dr. Menke's medical opinion the most persuasive. Appellant moved for reconsideration, but that motion was denied. Appellant then appealed to the Board, which affirmed the ALJ's decision. This appeal followed.

## **STANDARD OF REVIEW**

"The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

> The claimant bears the burden of proof and risk of persuasion before the [ALJ]. If he succeeds in his burden and an adverse party appeals to the [Board], the question before the [Board] is whether the decision of the [ALJ] is supported by substantial evidence. On the other hand, if the claimant is unsuccessful before the [ALJ], and he himself appeals to the [Board], the question before the [Board] is whether the evidence was so overwhelming, upon consideration of the entire record, as to have compelled a finding in his favor.

*Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984).

> The ALJ as fact finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence. In reaching his decision,

-4-

> the ALJ is free to choose to believe or disbelieve parts of the evidence from the total proof, no matter which party offered it.

*LKLP CAC Inc. v. Fleming*, 520 S.W.3d 382, 386 (Ky. 2017) (citations omitted).

## ANALYSIS

Appellant's first argument on appeal is that the ALJ erred in finding no causal connection between Appellant's injury and her employment. She argues that her physical examinations and imaging in 2022 and 2023 show degeneration and a narrowing in her spine, conditions which were not present in 2019 when she had other examinations and imaging after her car accidents. She claims that since her condition only worsened once she began working at Costco, it proves her injury was work related.

We disagree with Appellant's contention. While there may be evidence that supports her conclusion, that is not enough to reverse the decision of the ALJ. *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky. 1999). The ALJ considered the conflicting evidence and found Dr. Menke's medical opinion more persuasive. Dr. Menke believed Appellant's injury was related to the natural aging process and that it was "medically improbable" for a cumulative trauma injury to arise within such a short amount of time. In addition, the ALJ found Dr. Paulson's opinion to be contradictory. Dr. Paulson believed Appellant's injury was work-related cumulative trauma, but also stated that some of her injury was unrelated to

her employment and caused by "repetitive microtraumas in her daily life." In this case, it is clear that the ALJ weighed the conflicting evidence and found Dr. Menke's opinion to be more credible. This was not error.

Appellant's second argument on appeal is that the ALJ erred in relying on Dr. Menke's report because it was not based on objective medical findings. Appellant believes that because Dr. Menke did not physically examine her, his report lacks probative value.

Kentucky Revised Statutes (KRS) 342.0011(33) defines objective medical findings as "information gained through direct observation and testing of the patient applying objective or standardized methods[.]" In *Staples, Inc. v. Konvelski*, 56 S.W.3d 412, 415-16 (Ky. 2001), our Supreme Court held:

> KRS 342.0011(1) defines an "injury" in terms of a work-related event that proximately causes a harmful change in the human organism rather than in terms of the harmful change, itself. KRS 342.0011(1) also requires that the harmful change be evidenced by objective medical findings[.] . . . Although KRS 342.0011(1) clearly requires that there be objective medical findings of a harmful change in the human organism in order for that change to be compensable, we are not persuaded that KRS 342.0011(1) requires causation to be proved by objective medical findings.

The ALJ considered the evidence submitted and determined that Dr. Menke's opinion was the most persuasive. While Dr. Menke did not physically examine

Appellant, his report was appropriately used to prove that any injury she suffered was not work related. The ALJ did not err by relying on Dr. Menke's report.

Appellant's third and final argument on appeal is that the ALJ erred by not joining Costco as an up-the-ladder employer. KRS 342.610(2) states in relevant part:

> A contractor who subcontracts all or any part of a contract and his or her carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter.

Here, Costco contracted with Club Demonstration Services and Club Demonstration Services then contracted with Event Marketing Group. Appellant was an employee of Event Marketing Group, which did not have workers' compensation insurance. The ALJ then went "up the ladder" to find the first contractor who had workers' compensation insurance. That contractor was Club Demonstration Services. While Costco could have also been considered an up-the-ladder employer, joining them as a party was unnecessary because Club Demonstration Services had the required insurance. Appellant cites to no case law or statute that requires all up-the-ladder employers be joined as parties to a workers' compensation claim.

## CONCLUSION

Based on the foregoing, we conclude that the ALJ did not err in denying workers' compensation benefits to Appellant. The ALJ found Appellees' evidence more persuasive and did not err in relying on Dr. Menke's report; therefore, we affirm the decisions of the ALJ and Board.

ALL CONCUR.

BRIEF FOR APPELLANT:

Tia Brown, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE EVENT MARKETING GROUP:

Carl M. Brashear
Lexington, Kentucky

BRIEF FOR APPELLEE CLUB DEMONSTRATION SERVICES, A/K/A ADVANTAGE SALES AND MARKETING:

Allison M. Helsinger
Lacey D. Hicks
Lexington, Kentucky