RENDERED: OCTOBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0786-WC

LARRY DIXIE                                           APPELLANT

|  |  |
|---|---|
| v. | PETITION FOR REVIEW OF A DECISION<br>OF THE WORKERS' COMPENSATION BOARD<br>NOS. WC-15-93846, WC-17-72355, AND WC-18-01768 |

FORD MOTOR COMPANY;
HONORABLE W. GREG HARVEY,
ADMINISTRATIVE LAW
JUDGE; DR. MARK SMITH;[1]
AND WORKERS'
COMPENSATION BOARD                              APPELLEES

AND

NO. 2021-CA-0941-WC

FORD MOTOR COMPANY                 CROSS-APPELLANT

|  |  |
|---|---|
| v. | CROSS-PETITION FOR REVIEW OF A DECISION<br>OF THE WORKERS' COMPENSATION BOARD<br>NOS. WC-15-93846, WC-17-72355, AND WC-18-01768 |

---

[1] Dr. Mark Smith is named in the caption, but not the body, of the petition for review.

LARRY DIXIE; HONORABLE W.
GREG HARVEY, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                    CROSS-APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Larry Dixie ("Appellant") appeals and Ford Motor

Company ("Ford") cross-appeals from an opinion of the Workers' Compensation

Board ("the Board") affirming in part, vacating in part, and remanding an opinion,

award, and order of the Administrative Law Judge ("ALJ").  Appellant argues that

the Board erred in affirming the ALJ's dismissal of Appellant's claim for benefits

relating to a neck injury and erred in vacating and remanding for additional

findings as to temporary total disability ("TTD") benefits.  In its cross-appeal, Ford

argues that the Board's award of the three multiplier was in error.  For the reasons

addressed below, we find no error and affirm the opinion of the Workers'

Compensation Board.

## FACTS AND PROCEDURAL HISTORY

On May 20, 2015, Appellant filed a Form 101 alleging that he injured

his right shoulder on September 9, 2014, in the course of his employment on an

assembly line at Ford.  Appellant filed another Form 101 on August 18, 2017,

alleging that he injured his left shoulder at work on July 14, 2017. He filed a third Form 101 on December 21, 2018, alleging that he injured his neck on June 14, 2018, while using a hand drill. The three claims were consolidated by the ALJ.

Appellant is approximately 49 years old. He began employment with Ford on April 28, 2014, after other employment operating a forklift, assembly line work, and other jobs. His job duties at Ford included repetitively lifting and carrying wheel rotors weighing approximately 50 pounds. This lifting required Appellant to extend his arms and lean over a table while holding a rotor at shoulder level.

Appellant testified that after injuring his right shoulder, he received conservative treatment at Ford's medical facility. Thereafter, he had surgery on his right shoulder twice in 2015 and once in 2016. He was off work about six weeks after each surgery. After the first surgery, he received TTD benefits and returned to work at light duty. One of the light duty jobs entailed quality control of headlights and windshield wipers.

After his second and third surgeries, he again returned to light duty work, and remained on light duty through July 14, 2017. On that date, Appellant was inspecting wheels, and transferring the defective items to a pallet. While moving a wheel, Appellant felt a pop in his left shoulder. He again received basic treatment at the on-site medical facility and subsequently was treated by Dr. Mark

Smith. Dr. Smith diagnosed him with a torn left rotator cuff and performed left shoulder surgery on September 26, 2017. Appellant was placed on light duty work. He testified that Ford struggled to find jobs to accommodate his injured shoulders and duty restrictions. Ford continued to pay his regular earnings even when there was little for him to do or when he was sent home for lack of jobs within his restrictions.

On June 14, 2018, Appellant was assigned to a job requiring him to repetitively operate a pneumatic drill. He experienced jolts or jerks when operating the drill to such an extent that it caused a "burning sensation" and "excruciating pain" from his shoulder to his neck. He testified that while operating the drill, he felt his neck "pop" and had spasms from his neck down to the back of his right arm. Appellant again received treatment from Ford and Dr. Smith, who referred Appellant to Dr. Aaron Compton who prescribed medication and injections. Appellant was also examined by Dr. Venu Vermuri, who surgically fused Appellant's cervical vertebra on April 15, 2019. Appellant testified that the neck injury occurred on the first day of using the drill, and denied having any neck injury or symptoms prior to that date.

Appellant testified that after the neck injury and fusion surgery, he is permanently restricted from repetitive work above the shoulder level, from lifting more than ten pounds above the shoulder level, and from repetitive use of his arms.

-4-

For purposes of employment, he believes he is permanently, totally disabled. He testified that he experiences sometimes tremendous pain and burning sensations, that his upper extremities tire quickly, and that he struggles to complete some daily tasks of living such as placing plates in a kitchen cabinet or engaging in recreational activities with his son.

After the right shoulder injury, Appellant received TTD benefits of $432.41 from January 4, 2016 through March 27, 2016, and from July 20, 2016 through April 10, 2017. He received no TTD benefits after the left shoulder injury, but did receive short-term disability and unemployment benefits after the neck injury.

The consolidated claims proceeded before ALJ Harvey, who rendered an opinion, award, and order on October 27, 2020. ALJ Harvey found both shoulder injuries to be work-related, and awarded TTD, permanent partial disability ("PPD"), and medical benefits for both shoulders. He dismissed the neck injury claim upon finding that Appellant had a pre-existing, active impairment resulting from degenerative disc disease with involvement of the nerve root. While not discounting Appellant's testimony, the ALJ found as persuasive the opinion of Dr. Thomas Loeb who interpreted an MRI as showing degenerative disc disease predating the June 14, 2018 incident.

The ALJ was not persuaded by Appellant's claim of total disability. Rather, the ALJ found that Appellant was "young, educated and physically capable" of continuing with barber college training that Appellant began after the neck injury. The ALJ then awarded PPD for the left shoulder ($437.82 x .08 x .85 x 3 = $89.32 per week for 425 weeks), and PPD for the right shoulder ($432.41 x .09 x .85 x 3 = $99.24 per week for 425 weeks). TTD was awarded for each shoulder with a credit to Ford based on Kentucky Revised Statutes ("KRS") 342.730(7) for wages previously paid. The ALJ also awarded medical benefits for both shoulders based on the version of KRS 342.020 in effect at the date of those injuries. It also awarded mileage reimbursement.

Both parties filed petitions for reconsideration, resulting in an order entered on November 25, 2020, affirming the underlying order in substance, but clarifying the dismissal of the neck injury claim and other matters.

Appellant and Ford each appealed to the Board from the ALJ's October 27, 2020 opinion, award, and order. Appellant argued that the ALJ erred in dismissing the neck injury claim, in failing to find him permanently, totally disabled, in failing to strike a surveillance video entered into evidence before the ALJ, and in failing to find that Ford committed a safety violation pursuant to KRS

342.165(1).[2] On cross-appeal, Ford argued that the ALJ should have afforded more weight to Dr. William Daniels' testimony as to the causation of the left shoulder injury, and erred in finding that the three multiplier contained in KRS 342.730(1)(c)1. is applicable to both shoulder injuries. Ford also argued that the ALJ erred in adopting the 9% impairment rating for the right shoulder assessed by Dr. Thomas Loeb, since his treating physician assessed an 8% impairment rating for the same condition. Ford also asserted that the ALJ erred in awarding TTD benefits for each shoulder injury beyond certain dates.

Upon reviewing the record, the Board found substantial evidence supporting the ALJ's determination regarding the work-relatedness of the left shoulder injury, the application of the three multiplier, and the assessment of impairment for the right shoulder injury. Accordingly, the Board affirmed the ALJ's awards on these issues. As to the ALJ's analysis regarding entitlement to TTD benefits for the right and left shoulder injuries, the Board remanded the matter for a more detailed analysis pursuant to *Livingood v. Transfreight, LLC*, 467 S.W.3d 249 (Ky. 2015), and *Trane Commercial Systems v. Tipton*, 481 S.W.3d 800 (Ky. 2016). This appeal followed.

---

[2] Appellant argued before the ALJ that Ford committed a safety violation by failing to make available for Appellant's usage a hoist which would have prevented one of his shoulder injuries.

## ARGUMENTS AND ANALYSIS

Appellant first argues that the Board committed reversible error in affirming the ALJ's dismissal of his claim for benefits arising from the neck injury. He maintains that the ALJ's findings of fact were clearly erroneous and not supported by substantial evidence, and that the ALJ misapplied KRS Chapter 342. Specifically, Appellant notes that he consistently testified that the use of a pneumatic drill that torqued and recoiled caused him to develop pain in his neck and that the ALJ should have relied on this testimony. He believes the date of pain began on June 14, 2018, when he felt a pop in his neck with a substantial increase in symptoms.

Appellant also asserts that the ALJ and the Board erred in misinterpreting and relying upon the opinion of Dr. Thomas Loeb. Appellant submits that while there were cervical arthritic changes before June 2018, they were asymptomatic and not a pre-existing, active condition. He requests an opinion reversing the Board on the dismissal of the neck injury claim, and remanding the matter for additional findings and award of benefits.

"The ALJ has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence regardless of whether it comes from the same witness or the same party's proof." *GSI Commerce v. Thompson*, 409

S.W.3d 361, 364 (Ky. App. 2012) (citing *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985)).  If the party with the burden of proof is successful before the ALJ, the question on appeal is whether the ALJ's opinion was supported by substantial evidence.  *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984).  Substantial evidence is evidence of relevant consequence "having the fitness to induce conviction in the minds of reasonable men."  *Smyzer v. B.F. Goodrich Chemical Co.*, 474 S.W.2d 367, 369 (Ky. 1971).  The Board is charged with deciding whether the ALJ's finding "is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law."  *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000) (citation omitted); KRS 342.285.  When reviewing the Board's decision, we reverse only where it has overlooked or misconstrued controlling law or so flagrantly erred in evaluating the evidence that it has caused gross injustice.  *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

The ALJ found that Appellant did not sustain a neck injury from the alleged June 14, 2018 work incident.  This conclusion was based on Dr. Loeb's opinion and medical records from June 8, 2018, through June 13, 2018.  The ALJ also determined that Dr. Smith's treatment of Appellant, which occurred the day after the June 14, 2018 work incident, did not document an injury or work incident.  Further, the ALJ was not persuaded by the opinion of Dr. Jules Barefoot, who

attributed Appellant's pain to cumulative trauma and did not note any cervical treatment rendered during the week prior to June 14, 2018.

In examining the ALJ's disposition of Appellant's neck injury claim due to cumulative trauma, the Board found that substantial evidence supported the ALJ's determination and that a contrary result was not compelled by the evidence. We find no error in the Board's conclusion on this issue. The ALJ relied on Appellant's hearing testimony, the medical records from June 8, 2018, through June 13, 2018, and Dr. Loeb's causation opinion. ALJ Harvey was vested with the sole discretion to determine the quality, character, and substance of the evidence, and to believe or disbelieve any portion of the evidence. *Paramount Foods, Inc.*, *supra*. In exercising this authority, ALJ Harvey accepted Dr. Loeb's opinion – as expressed in his May 19, 2020 report and August 27, 2020 addendum – that Appellant's cervical condition was not caused by the alleged June 14, 2018 event, but was a pre-existing, active, and degenerative condition that was unaffected by the work event. This opinion, taken alone, constitutes substantial evidence sufficient to support the Board's affirmation of ALJ Harvey's conclusion on this issue. Accordingly, we find no error.

Appellant also argues that the Board committed reversible error in vacating and remanding the proceeding to the ALJ for additional findings as to TTD benefits and applicable credits. While he does not challenge the duration of

TTD benefits for the shoulder injuries, he contends that the Board's remand for additional findings concerning credits in favor of Ford, if any, was not preserved for adjudication by the ALJ. He asserts that since the burden of proof rests with the employer to establish a credit against awarded benefits, the employer should not be permitted to meet that burden for an issue not preserved for adjudication. Appellant argues that on remand, no additional proof can be filed nor considered by the ALJ and that the Board erred in ordering additional findings.

In response, Ford argues that the issue of credits attributable to Ford falls under the issue of TTD benefits, as that was the context in which the Board addressed the issue of credits. We find this argument persuasive. The core issues before the ALJ and the Board centered on Appellant's entitlement, if any, to an award of workers' compensation benefits pursuant to KRS Chapter 342. A fair and accurate calculation of those benefits necessarily required a consideration of credit for wages and benefits already paid. As such, the underlying issue of credits is subsumed in the larger context of calculating KRS Chapter 342 benefits.

*Arguendo*, even if the issue of credits was not properly raised, it was tried by consent of the parties. "[I]f issues not raised by the pleadings are tried by express or implied consent, they shall be treated as if they had been so raised." *Nucor Corp. v. General Electric, Co.*, 812 S.W.2d 136, 145 (Ky. 1991) (citation omitted). The parties argued the issue of credits before the ALJ and the Board. As

such, even if the issue of credits was not properly raised or preserved, it was proper to treat the issue as if it were raised.

In its cross-petition, Ford argues that the Board erred in affirming the ALJ's application of the three multiplier. The ALJ awarded the three multiplier for both the right and left shoulder injury claims. Ford points to surveillance videos entered into evidence, along with the fact that Appellant attended barber school full time after the injuries involving repetitive usage of both arms. Ford also notes that Appellant drove himself back and forth to barber school, which consisted of a 90 minute round trip. Ford asserts that the record refutes Appellant's claim of inability to perform any of the same jobs he performed before the injuries; therefore, the three multiplier was not warranted.

KRS 342.730(1)(c)1. states,

> If, due to an injury, an employee does not retain the physical capacity to return to the type of work that the employee performed at the time of injury, the benefit for permanent partial disability shall be multiplied by three (3) times the amount otherwise determined under paragraph (b) of this subsection, but this provision shall not be construed so as to extend the duration of payments[.]

As to the right shoulder injury, the ALJ relied on the opinions and restrictions provided by Drs. Andrew DeGruccio, Loeb, and Smith. For the left shoulder injury, the ALJ relied on Dr. Loeb's opinion. Dr. DeGruccio restricted Appellant from any work above shoulder level. In addition, Dr. DeGruccio

-12-

restricted Appellant from lifting, pulling, or pushing over 30 pounds with his right arm, and opined that it was highly unlikely that Appellant could return to his pre-injury employment. Drs. Loeb and Smith applied similar restrictions. Dr. Loeb opined that Appellant should not be involved in repetitive lifting of more than five pounds above chest level. Dr. Smith believed Appellant should be restricted from any work above shoulder level, coupled with a limitation of carrying over 10 pounds with Appellant's right arm or 20 pounds combined.

The question for our consideration is whether the Board correctly determined that this evidence constituted substantial evidence sufficient to support the ALJ's application of the three multiplier. *Wolf Creek Collieries*, *supra*. We conclude that the opinions of these three medical doctors, coupled with Appellant's testimony, constitute substantial evidence sufficient to support the ALJ's conclusion that Appellant could not return to the same type of work he engaged in before the injuries. As such, the application of the three multiplier was warranted and we find no error.

## **CONCLUSION**

The Board properly determined that the ALJ correctly dismissed Appellant's petition for benefits arising from the alleged neck injury. This conclusion was based on Dr. Loeb's opinion and medical records from June 8, 2018, through June 13, 2018. The Board did not err in vacating and remanding the

proceeding to the ALJ for additional findings as to TTD benefits and applicable credits. The issue of credits attributable to Ford falls under the issue of TTD benefits and was properly before the ALJ and the Board. Lastly, the Board properly affirmed the ALJ's application of the three multiplier. The record contains substantial evidence to support the ALJ's conclusion that Appellant is unable to return to the type of work in which he engaged before the injuries. For these reasons, we affirm the opinion of the Workers' Compensation Board.

       ALL CONCUR.

| BRIEFS FOR APPELLANT/ CROSS-APPELLEE: | BRIEF FOR APPELLEE/ CROSS-APPELLANT: |
|---|---|
| Ched Jennings Louisville, Kentucky | George T. T. Kitchen, III Louisville, Kentucky |