Asbury THOMPSON, Jr., Petitioner,

v.

Hon. Don A. WARD, Judge Perry Circuit Court, Hazard, Kentucky, Respondent.

Court of Appeals of Kentucky.

Oct. 28, 1966.

Asbury Thompson, Jr., pro se.

MOREMEN, Judge.

Asbury Thompson, Jr. is a prisoner and inmate of the U.S. Penitentiary at Atlanta, Georgia. He filed a complaint in the Perry Circuit Court against "Miners Hospital, Chief Jailer, Perry County, Kentucky and State Trooper Deese and Perry County, Kentucky," in which he stated that his constitutional and civil rights had been violated. He asked for damages from defendants under sections 1981 and 1983 of Title 42 U.S.C.A. Petitioner asked permission to proceed in forma pauperis under KRS 453.-190. The court overruled the motion.

Petitioner has now applied to this court for a writ of mandamus directing the Perry Circuit Court to permit him to proceed in forma pauperis.

KRS 453.190 reads:

"Except as provided in paragraph (b) of subsection (2) of KRS 28.460, a court may allow a poor person *residing in this state* to prosecute or defend any action therein without paying costs, whereupon he shall have any counsel that the court assigns him and shall have from all officers all needful services and process without any fees, except such as are included in the costs recovered from the adverse party."

It will be noted that the above statute extends the privilege to persons residing only in this state and petitioner has not shown that he is a resident of this state; in fact, the record indicates that he is a prisoner in Atlanta, Georgia. However the circuit court did not base its decision upon that fact and there was no adjudication as to the residence of petitioner. The court held in the order overruling the motion to proceed in forma pauperis:

"The Court having considered same, finds that K.R.S. 453.190 does *permit* the Court to allow a person to so sue or prosecute when such applicant is a poor person. The Court in this action is of the opinion that the statute of limitations has tolled the action and further notes that the defendants are improperly named, as the applicant refers to Miners Hospital when the actual name of that hospital in July 1962 was Miners Memorial Hospital, under the supervision of the United Mine Workers of America Welfare Fund; that the jailer at that time was William Kelly and that Trooper Deese first name is Robert Deese.

"It is therefore ordered and adjudged by the Court that the applicant's motion for permission to sue in forma pauperis be and same is now overruled."

It is evident the trial court did not base its ruling upon the ground that the petitioner was a non-resident of the state. That matter has never been considered. The court's action in examining the petition and holding that the statute of limitations had tolled the action and that the defendants were improperly named was improper. The matter of limitations is a personal one

and in order for it to become an issue in the case it must be pled affirmatively. CR 8.03.

We must keep in mind that the action which petitioner wishes to file in the Perry Circuit Court is civil in nature; in this opinion we are concerned only with the meaning of KRS 453.190, insofar as it applies to actions which are of a civil nature.

We are of opinion that the court should re-examine petitioner's motion to proceed in forma pauperis without reference to other matters which might arise if complaint in the circuit court should be permitted to be filed.

The petition for writ of mandamus is granted and the case remanded for proceedings consistent with this opinion.