John W. YOUNG, Commissioner of Labor of
the Commonwealth of Kentucky,
et al., Appellants,

v.

Orville TACKETT et al., Appellees.

Court of Appeals of Kentucky.

May 26, 1972.

Gemma M. Harding, Dept. of Labor, Louisville, for appellants.

Hobart C. Johnson, Pikeville, for appellees.

CATINNA, Commissioner.

The Workmen's Compensation Board dismissed a claim filed by appellee Orville Tackett against Oney Mining Company, Inc., J. N. Johnson Coal Company, Ligon Preparation Company, and appellant Special Fund for compensation for permanent and total disability allegedly caused by the occupational disease, pneumoconiosis. Tackett appealed to the Pike Circuit Court where the Board's action was reversed. The Special Fund appeals to this court. We affirm in part and reverse in part.

Tackett, at the time he quit work on August 24, 1967, was some sixty-two years of age, with more than forty-five years' employment in underground coal mines. He quit because he "didn't have no breath and just couldn't breathe." He first consulted a doctor on July 14, 1970, and testified that this was the first time he had any knowledge of his true physical condition. Immediately after being informed by Dr. G. N. Combs that he had pneumoconiosis, he notified his former employer that he was going to file a claim with the Board. He subsequently discussed his claim with the employer.

On August 29, 1970, Tackett filed his application for adjustment of claim with the Board. On September 4, 1970, the Special Fund filed notice with the Board that it would resist the claim of Tackett. No pleadings were filed with the Board by Oney Mining Company, Johnson Coal Company, and Ligon Preparation Company. The Special Fund filed no pleadings other than the notice of resistance.

Tackett was examined by Doctors G. N. Combs, July 14, 1970; W. C. Hambley, August 17, 1970; Max P. Jones, August 13, 1970; and Robert Penman, October 2, 1970. The deposition of each of these doctors was taken by Tackett and filed in the record, same having been filed as follows: Hambley, January 19, 1971; Combs, January 20, 1971; Jones, January 20, 1971; and Penman, February 18, 1971. These doctors all testified that Tackett had pneumoconiosis in either Stages II or III. Drs. Hambley, Jones, and Penman further testified that in their opinion he had this disease at the time he quit work in 1967.

On December 22 a hearing was held before Charles Lowe, Jr., Referee, and a record of this hearing was filed with the Board on February 11, 1971.

The defendants did not take or file any evidence in the proceeding.

On April 19, 1971, an order was entered directing that the cause be submitted for opinion and judgment.

On May 11, 1971, the Special Fund filed its brief in which there was raised for the first time defenses based on limitations, as set out in KRS 342.316(3); lack of notice, as required by KRS 342.316(2) (a); and finally, failure to comply with the requirements of KRS 342.316(4).

The opinion and order of the Board, June 7, 1971, reads in part as follows:

"The only conclusion to be drawn from plaintiff's own testimony is that he was totally and permanently disabled on August 24, 1967, and that the symptoms of the disease were then so manifest that he knew, or by the exercise of reasonable care should have known, that he had the occupational disease. Since his claim was not filed until August 19, 1970, it came too late.

Findings of Fact

The plaintiff failed to file his claim within one year after the last injurious exposure and/or after a manifestation of the disease in the form of symptoms reasonably sufficient to apprise him that he had the disease.

Rulings of Law

1. KRS 342.316(2) (a)."

The judgment of the Pike Circuit Court overruling the order dismissing Tackett's claim further ordered the Board to enter an opinion and award allowing Tackett maximum compensation. It was further adjudged that the Board enter an order directing that Tackett recover of the Special Fund the sum of $44 per week for a period of 425 weeks.

■ Although the Board cites KRS 342.316(2) (a) as authority for dismissing Tackett's claim, its findings of fact clearly establish that the law upon which the Board relied is that found in KRS 342.-316(3).

KRS 342.316(3) provides in part:

"(3) The right to compensation under this chapter for disability resulting from an occupational disease shall be forever barred unless a claim is filed with the Workmen's Compensation Board within one year after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever shall last occur; * * *."

This statutory provision is clearly one of limitation and those rules governing limitations generally are controlling as to its effect upon proceedings filed under the occupational-disease provisions of the Workmen's Compensation Law.

The Rules of Civil Procedure require that the defense of limitation be set forth affirmatively in a proper pleading. CR 8.-03 reads in part as follows:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations, * * * and any other matter constituting an avoidance or affirmative defense. * * *."

The rules and regulations of the Workmen's Compensation Board provide:

"Section 3. Pleadings

\* \* \* \* \* \*

"(e) If the defendant relies upon an affirmative special defense, he shall set forth such defense in a special answer to be filed at least five days before the date set for hearing or within five days after such defense is discovered or could have been discovered in the exercise of reasonable diligence. If, in the exercise of reasonable diligence, such defense could not have been discovered until the introduction of proof, such plea must be filed to conform with the proof within five days after its introduction."

■ Appellant Special Fund did not file a pleading in this proceeding setting up the affirmative defense of limitations. The defense of limitations was first presented to the Board in the brief of the Special Fund filed on May 11, 1971, more than five months after the hearing before the referee, December 22, 1970.

The failure of the Special Fund to affirmatively plead limitations, in compliance with the rules, effected a waiver of the right to rely upon this defense, thus depriving it of any right to later defeat the claim of Tackett upon the ground that the filing of the claim was barred by the limitations clause of KRS 342.316(3).

CR 12.08 provides in part:

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) * * *." (Exceptions set out not applicable here.)

In Thompson v. Ward, Ky., 409 S.W.2d 807 (1966), the rule is stated as follows:

" * * * The matter of limitations is a personal one and in order for it to become an issue in the case it must be pled affirmatively. CR 8.03."

In Commonwealth, Dept. of Highways v. Chinn, Ky., 350 S.W.2d 622 (1961), we said:

" * * * Ordinarily under CR 12.03 a statute of limitation must be pled and a

failure so to do constitutes a waiver of that defense."

The Workmen's Compensation Board was in error when it dismissed the claim of Tackett.

■ The Pike Circuit Court, in adjudging that the Board enter an order directing that Tackett recover of the Special Fund the sum of $44 per week for a period of 425 weeks, exceeded its authority. See Greathouse Co. v. Yenowine, 302 Ky. 159, 193 S.W.2d 758 (1946).

We conclude that the Pike Circuit Court was correct in setting aside and holding for naught the order of the Board dismissing Tackett's claim, but erred in directing specifically the judgment that the Board should render.

The judgment is affirmed in part and reversed in part with directions to remand the cause to the Workmen's Compensation Board for the determination of an award in keeping with this opinion.

All concur.