Agnes D. UNDERWOOD, Appellant,

v.

Marilyn J. UNDERWOOD, Executrix of The Estate of John Thomas Underwood, III, Deceased, Appellees.

No. 1998–CA–000736–MR.

Court of Appeals of Kentucky.

May 21, 1999.

John Frith Stewart, Laura Ellis Stoess, Stewart & Roelandt Attorneys, Crestwood, Kentucky, for Appellant.

Steven G. Bolton, Frankfort, Kentucky, for Appellee.

Before: KNOPF, KNOX, and SCHRODER Judges.

## OPINION

KNOPF, Judge.

This is an appeal from a dismissal of a claim against an estate for enforcement of the provisions of a dissolution decree. The trial court dismissed the action based upon the statute of limitations, the plaintiff's failure to present the claim to the estate prior to filing the action, and improper venue. Finding that the maintenance claim was not subject to the presentation requirement or to the six (6) month statute of limitations, and that it was brought in the proper forum, we affirm in part, reverse in part, and remand for further proceedings.

The appellant, Agnes D. Underwood (Agnes), was divorced from the decedent, John Thomas Underwood, III (John), by a decree entered in Oldham Circuit Court on October 13, 1988, and amended by order dated July 3, 1992.[1] Among other things,

the decree directed that Agnes would receive maintenance payments of $1,350.00 per month from John for her lifetime.[2] In addition, the court ordered that Agnes would receive thirty-five percent (35%) of John's National Guard pension, and fifty percent (50%) of his pension from Chevron.

John died testate in Franklin County on December 2, 1996. On December 16, 1996, John's second wife, Marilyn J. Underwood was appointed the executrix of his estate. Agnes filed a verified complaint against the estate on December 11, 1997. She alleges that the maintenance payments and the National Guard pension payments to her ceased following John's death. Apparently, John failed to take the appropriate steps to arrange for Agnes to receive survivor benefits from his National Guard retirement account. Agnes sought a judgment against the estate for lifetime maintenance payments and for an amount equal to thirty-five percent (35%) of John's National Guard retirement account continuing until her death.

The executrix filed an answer and a motion to dismiss on December 17, 1997, asserting that the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Subsequently, on January 5, 1998, the executrix filed a second motion to dismiss, alleging that the claim was untimely under KRS 396.011. She also asserted that the claim was barred because Agnes had failed to present a demand for payment to the personal representative. KRS 396.035. Finally, the executrix again argued that the Franklin Circuit Court lacked subject matter

---

1. The dissolution action was the subject of a published opinion by this Court. *Underwood v. Underwood*, Ky.App., 836 S.W.2d 439 (1992), which affirmed the circuit court judgment in part and reversed the judgment in part. The 1992 judgment was entered following remand by this Court.

2. Specifically, the Oldham Circuit Court held that maintenace payments were to continue beyond John's death if Agnes has not achieved

the age of sixty (60). The decree further states that "if there is in existence at the time of [John's] death an insurance policy which is assigned by the Court under this division of property which has a value equal to in excess of those amounts which would be paid or required by the Court for maintenance, then the insurance proceeds prevail, and there is no enforcement concerning maintenance against the estate...."

jurisdiction over the claim because the claim should have been asserted against the estate in the Oldham Circuit Court action.

In an order entered February 3, 1998, the Franklin Circuit Court agreed with the executrix and dismissed the complaint. The trial court first held that Agnes had failed to comply with KRS 396.035, in that she had not alleged that any claim had been presented to the personal representative or that it had been rejected. Second, the trial court found that the claim was untimely because it had not been presented within six (6) months after the appointment of the personal representative, as required by KRS 396.011. Lastly, the trial court concluded that the claim should not have been brought in Franklin County. Rather, the trial court opined that the claim should have been raised in Oldham Circuit Court by filing a motion in the dissolution action to substitute the estate. Agnes now appeals to this Court.

In dismissing the action below, the trial court first relied upon KRS 396.035, which mandates that "[n]o action shall be brought against a personal representative on a claim against decedent's estate unless the claimant shall have first presented his claim in the manner described by KRS 396.015." As noted by the trial court, Agnes failed to allege that she had made a presentation of the claim or that it had been rejected by the personal representative. The trial court further held that Agnes's claims are barred by the six (6) month statute of limitations contained in KRS 396.011(1). The statute bars any claim "which arose before the death of the decedent," unless presented within six (6) months after the appointment of the personal representative. Claims arising after the death of the decedent must be brought within two (2) years after the appointment of the personal representative. KRS 396.205.

■ Although the requirement for presentation of claims to the personal representative and the statute of limitations are separate grounds, they are related under the circumstances of this case. In *Batson v. Clark*, Ky.App., 980 S.W.2d 566 (1998), this Court explained that claims which arise after the death of the decedent are not subject to the presentation requirements of KRS 396.035 and 396.015, or the statute of limitations contained in KRS 396.011. The word "claim," as used in KRS 396.011, generally refers to " 'debts or demands against the decedent which might have been enforced against him during his lifetime.' " *Id.* at 570 (quoting 31 Am.Jur.2d *Executors and Administrators* § 603 (1989)). If the decedent took no action during his lifetime which could have prompted litigation, then the claim cannot be said to have arisen during the decedent's lifetime.

■ In the present case, Agnes alleges that John failed to take the necessary steps for Agnes to receive his National Guard survivor benefits. Agnes also alleges (although the record does not confirm this fact) that the Oldham Circuit Court issued a qualified domestic relations order (QDRO) to enforce her rights to receive a portion of John's military retirement. Clearly, any breach of duty by John occurred prior to his death, when he could have been directed to make the necessary arrangements for Agnes to receive his survivor benefits. Therefore, this claim arose prior to his death and was subject to both the presentation requirement in KRS 396.015 and the six (6) month statute of limitations in KRS 396.011.

■ However, Agnes's claim for maintenance is a different issue. The Oldham Circuit Court directed that, under certain circumstances, her maintenance would continue after John's death. If the cessation of maintenance occurred after John died, as Agnes alleges, then the claim did not arise out of any action taken by John during his life. Rather, Agnes has stated a claim for actions taken (or not taken) by the personal representative. Since Agnes's claim for continuation of

maintenance arose after John's death, it is not subject to the six (6) month statute of limitations in KRS 396.011 or to the presentation of claims requirement in KRS 396.035 and 396.015. *Batson,* 980 S.W.2d at 570–572. Consequently, the trial court erred in dismissing Agnes's claim for maintenance.

■ Agnes argues that the trial court erred in relying upon the statute of limitations because the executrix did not specifically plead the defense in her initial answer and motion to dismiss. The issue of the statute of limitations was not raised for three (3) weeks after filing of the answer until the filing of the second motion to dismiss. The statute of limitations is an affirmative defense. CR 8.03; *Thompson v. Ward,* Ky., 409 S.W.2d 807, 808–09 (1966). The defense must be raised in either the initial answer or in a motion to dismiss in lieu of an answer. CR 12.02. Since the executrix did not raise the issue timely, Agnes argues that the defense was waived.

We agree that the executrix did not raise the issue of statute of limitations in a timely manner. The defense must be raised in an initial pleading, either by answer or by a motion to dismiss. Yet, while the executrix's failure to specifically plead the defense may constitute a waiver of the defense, we do not conclude that the trial court's consideration of the issue was error.

■ First, although failure to plead the statute of limitations constitutes a waiver of that defense, if the complaint on its face shows that the action is barred by time, the statute of limitations may be raised by a motion to dismiss. *Tomlinson v. Siehl,* Ky., 459 S.W.2d 166 (1970). The statute of limitations issue was clear from the face of the complaint. Moreover, even if the statute of limitations was waived, Agnes still did not comply with the presentation requirements of KRS 396.035 and 396.015(1). The presentation of claims requirement is not an affirmative defense, but a statutory prerequisite to filing an action. Consequently, the requirement was not waived under these circumstances.

■ The executrix insists that Agnes's failure to comply with the statutory requirement for presentation of claims deprived the trial court of subject matter jurisdiction over the claim. Likewise, the executrix asserts that only the Oldham Circuit Court would have subject matter jurisdiction over the dissolution issues. We disagree on both counts. Subject matter jurisdiction refers to a court's authority to determine "this kind of case" (as opposed to "this case"). *Duncan v. O'Nan,* Ky., 451 S.W.2d 626, 631 (1970). A prospective plaintiff must satisfy the statutory prerequisites to filing an action against an estate. A failure to fulfil these requirements will deprive the plaintiff of the right to bring an action against the estate, but it does not affect the jurisdiction of the court to hear the case. Similarly, the observations concerning the proper forum for Agnes's claims relate to venue, not to the subject matter jurisdiction of the trial court. *Stewart v. Sampson,* 285 Ky. 447, 148 S.W.2d 278, 281–82 (1941).

■ The trial court took the position that Agnes's claims for John's retirement benefits and for continuation of maintenance should have been presented in the dissolution action. Consequently, the trial court reasoned that Agnes should have sought to revive her dissolution action in Oldham Circuit Court, or to substitute the personal representative for John in that action. We disagree. KRS 396.035 requires a claimant against an estate to file a written statement of the claim with the personal representative prior to bringing an action on that claim. KRS 396.015(1) sets out the form for that presentation. However, KRS 396.015(2) further provides:

> (2) In an action pending against the decedent at the time of his death, which action survives at law, the substitution of the personal representative for the decedent, or motion therefor, shall constitute

the presentation of a claim. Such claim shall be deemed to have been presented from the time of substitution, or motion therefor.

KRS 396.015(2) waives the presentation requirement if the action is pending at the time of death, and the claimant substitutes the estate for the decedent. Even if the presentation requirement were applicable to the maintenance claim, the Oldham Circuit Court issued a final order in the dissolution proceedings and that case was no longer pending. Although the Oldham Circuit Court retained continuing jurisdiction to enforce its prior orders, KRS 396.015(2) did not require Agnes to revive her action in Oldham County in order to enforce the award against the estate. Since Franklin County was John's residence at the time of his death and the place where his will was being probated, Franklin County was the proper forum to consider the merits of Agnes's claim. *See, Duvall v. Duvall,* Ky., 550 S.W.2d 506, 507 (1977).

Accordingly, the order of the Franklin Circuit Court dismissing the complaint is affirmed in part, reversed in part, and remanded for consideration of the merits of the maintenance claim.

All concur.