RENDERED: MARCH 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0173-MR

DELORIS PETERSON                                                    APPELLANT

APPEAL FROM BALLARD CIRCUIT COURT
v.        HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 20-CI-00032

ESTATE OF CHARLES DENNIS,
KAY ALVEY, ADMINISTRATRIX                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND LAMBERT, JUDGES.

COMBS, JUDGE:  Appellant, Deloris Peterson, appeals from a judgment of the

Ballard Circuit Court dismissing with prejudice her claim against the Estate of

Charles Dennis, Kay Alvey, Administratrix, Appellee.  After our review, we

affirm.

Charles Dennis was the brother-in-law of the Appellant, Deloris

Peterson (Deloris).  Charles was married to Deloris's sister, Ruanna;  Ruanna died

on August 1, 2019. Deloris was appointed Executrix of Ruanna's Estate on August 27, 2019. Charles died a few months later on December 2, 2019.

On April 28, 2020, Deloris, individually, filed a verified petition in Ballard Circuit Court against the Estate of Charles Dennis, Kay Alvey, Administratrix. Deloris alleged that she had paid for Ruanna's funeral, burial, and headstone "along with other bills." She reported that Ruanna and Charles had shared bank accounts and that "[a]t the time of death, the funds were held by Charles Dennis. . . . [who] was in a nursing home and unable [to] participate in the estate of his wife nor financials matters [*sic*] that needed tending to." Deloris sought to restrain the Administratrix from making further distribution and division of Charles's Estate "pending disposition of this cause." She sought attorney fees, costs, and all other relief to which she might be entitled. Charles's Estate filed a verified answer on May 15, 2020.

Although other pleadings have been filed in this case, they are not relevant to or dispositive of the narrow issue before us. Therefore, we limit our discussion of the record accordingly.

The trial court conducted a final hearing by Zoom on October 27, 2021. Deloris claimed that she was owed $9,501.15 for the monument for her sister, some lawyer's fees, and travel expenses that she expended in the case of her sister. On cross-examination, Deloris acknowledged that when she filed the

petition to probate Ruanna's will, she did not tell the court that Ruanna owed her (Deloris) any money. When asked if she had ever filed a claim against the Estate of Ruanna Dennis for the monies that were allegedly owed to her, Deloris responded, "No."

On January 14, 2022, the trial court entered judgment dismissing Deloris' claim with prejudice as follows in relevant part:

> 6. The Plaintiff, Deloris Peterson, . . . had been appointed as Executrix of the Estate of Ruanna Dennis on August 27, 2019. She is now claiming that she has a claim against Charles Dennis' Estate because she took care of Ruanna Dennis during her life.

> 7. The Court finds that the Plaintiff, Deloris Peterson, in her Petition to be appointed Executrix of the Estate of Ruanna Dennis, failed to disclose and swore under oath that she was not owed money by Ruanna Dennis.

> 8. The Court also finds that Deloris Peterson, individually, never filed a claim against the Estate of Ruanna Dennis and that it has been over two years since she was appointed Executrix.

> . . .

> 12. The Court finds that there were ample assets in the Estate of Ruanna Dennis to pay the claim, if there was a valid claim, and Deloris Peterson was the Executrix and could have done so with District Court review & approval. It stretches the imagination that she had control of all of the assets and failed to pay herself but would sue the Estate of Charles Dennis to get money from his [E]state.

The trial court found that Deloris's claim for taking care of her sister would indeed have been a claim against Ruanna's Estate -- but that no claim had been made based upon the record in the Ballard District Court Case, No. 19-P-00052, and as confirmed by Deloris's testimony. The court correctly applied KRS[1] 396.011(1), which provides as follows:

> (1) All claims against a decedent's estate which arose before the death of the decedent, excluding claims of the United States, the State of Kentucky and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees, unless presented within six (6) months after the appointment of the personal representative, or where no personal representative has been appointed, within two (2) years after the decedent's death.

The trial court explained that Deloris "could not file an action against anyone" until she had first presented a claim in accordance with KRS 396.035 and KRS 396.015. The trial court also found that Deloris had failed to present a claim against Charles's Estate as the statutes require. Consequently, the trial court concluded that Deloris lacked standing and dismissed her claim with prejudice.

---

[1] Kentucky Revised Statutes.

Deloris appeals, contending that the trial court erred in finding that she did not have standing to file suit against the Estate of Charles Dennis. Deloris has not challenged the trial court's factual findings. Thus, the issue before us is whether the trial court erred in its application of the law.

As did the trial court, we conclude that KRS 396.035 is dispositive. Entitled, "Limitation on commencement of action on claim[,]" that statute mandates as follows: "No action shall be brought against a personal representative on a claim against decedent's estate unless the claimant shall have first presented his claim in the manner described in KRS 396.015." KRS 396.015 sets forth elements of presenting a claim:

> Claims against a decedent's estate shall be presented as follows:
>
> (1) The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed, or may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court.

The requirements governing presentation of claims contained in KRS 396.035 and KRS 396.015(1) are statutory prerequisites to filing an action. *Underwood v. Underwood*, 999 S.W.2d 716, 720 (Ky. App. 1999). "A prospective plaintiff must satisfy the statutory prerequisites to filing an action against an estate. A failure to fulfil these requirements will deprive the plaintiff of the right to bring

an action against the estate . . . ." *Id.* It is undisputed that Deloris failed to present a claim against Charles's Estate in accordance with the statutory requirements. Accordingly, she had no right to file the action at issue, and the trial court did not err in dismissing it.

We affirm the judgment of the Ballard Circuit Court entered on January 14, 2022.

ALL CONCUR.

BRIEF FOR APPELLANT:

Heather L. Jones
Paducah, Kentucky

BRIEF FOR APPELLEE:

Daniel C. Thomas
Wickliffe, Kentucky