RENDERED: APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0039-MR

HAZEL ENTERPRISES, LLC                                        APPELLANT

v.                        APPEAL FROM WHITLEY CIRCUIT COURT
                          HONORABLE DANIEL BALLOU, JUDGE
                          ACTION NO. 20-CI-00564

DENNIS R. FAULKNER; CAROL A.
POWELL; GEORGE FAULKNER;
PEARL FAULKNER; SANDRA L.
BENSON; TAXCO, LLC; UNKNOWN
SPOUSE, IF ANY, OF CAROL A.
POWELL; UNKNOWN SPOUSE, IF
ANY, OF DENNIS FAULKNER;
UNKNOWN SPOUSE, IF ANY, OF
SANDRA L. BENSON; AND
WHITLEY COUNTY, KENTUCKY                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

MCNEILL, JUDGE: Appellees, George Faulkner and his wife, Pearl Faulkner (the Faulkners), own real-estate in Whitley County, Kentucky. The Faulkners failed to pay the property taxes that were assessed on their property for the 2009 tax year. As a result, Appellant, Hazel Enterprises, LLC, (Hazel), purchased a certificate of delinquency for those unpaid taxes from the county. In 2015, Hazel and the Faulkners entered into an agreement to pay the amount owed on the debt over a period of several years. The agreement included the assessment of the taxes, interest, and various fees. The total amount owed under the agreement was $2,266.20.

Although the parties agree that the Faulkners made payments, the amount owed remains unclear. Hazel filed suit in Whitley Circuit Court on December 31, 2020, seeking to foreclose on the Faulkners' property due to an alleged deficit in payment. For reasons that remain unclear, Hazel named the incorrect defendants in that suit. Hazel filed an amended complaint on January 15, 2021, which included the correct defendants – the Faulkners, *et al*. Therein, Hazel requests that collateral property be sold at public auction and for the payment of $237.53 plus interest, as well as administrative and attorney's fees.

The Faulkners filed a motion to dismiss for failure to state a claim on the basis that the statute of limitations (SOL) had run. The trial court held a hearing on the matter and granted the motion to dismiss. The court specifically

concluded that the "relates back" provisions of CR[1] 15.03 did not apply here, and that although the pro se answer failed to assert the statute of limitations defense, Kentucky law permits the Faulkners to subsequently raise that defense.  *See Underwood v. Underwood*, 999 S.W.2d 716 (Ky. App. 1999).  To be clear, the Faulkners eventually retained counsel, who then filed the motion to dismiss.  In dismissing the tax lien case, the trial court further determined that a contract case between the parties was viable and could proceed.  Hazel filed a motion to alter, amend, or vacate, which was denied.  Hazel appeals to this Court as a matter of right.  For the foregoing reasons, we affirm.

## ANALYSIS

"[A] motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted).  First, we deny Hazel's motion to strike the Faulker's brief for failure to conform to the rules of appellate procedure.  As to the merits of the appeal, we agree with the trial court that *Underwood* applies here.  Therein, the Court observed that the proposition that, "[a]lthough failure to plead the statute of limitations constitutes a waiver of that defense, if the complaint on its face shows that the action is barred by time, the

---

[1] Kentucky Rules of Civil Procedure.

statute of limitations may be raised by a motion to dismiss." *Underwood*, 999 S.W.2d at 720 (citing *Tomlinson v. Siehl*, 459 S.W.2d 166 (Ky. 1970)). The SOL at issue here is eleven years from the date the taxes became delinquent. KRS[2] 134.420(1). The taxes were assessed in 2009. The trial court concluded that the parties agreed that the SOL expired on January 1, 2021. The amended complaint was filed on January 15, 2021.

The reasoning here appears to be that 2009 taxes became delinquent, at the latest, on January 1, 2010. That date triggered the SOL which, again, expired on January 1, 2021. However, Hazel disputes this and argues that the SOL expired "sometime" in 2021, because the date the taxes became delinquent is ambiguous and should be assessed on a case-by-case basis. In the absence of any binding authority to the contrary, we agree that a natural and logical date to trigger the SOL here would be January 1, 2010. To be clear, we do not opine as to the effective date of any other taxes, including property taxes, that may differ based on the specific facts and applicable law in subsequent cases not at issue here.

We also agree with the trial court that CR 15.03 does not apply here. It provides in relevant part as follows:

> (1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

---

[2] Kentucky Revised Statutes.

> original pleading, the amendment relates back to the date of the original pleading.
>
> (2) An amendment changing the party against whom a claim is asserted relates back if the condition of paragraph (1) is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (a) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Hazel does not cite any persuasive evidence indicating that the Faulkners "knew or should have known" that they were the proper parties to the original suit. And whatever notice the Faulkners are alleged to have received, would be eclipsed by the prejudice they will endure if the lien case were to proceed – a decade after their delinquency. More precisely, their home would be sold at auction to pay an unspecified amount on a contract, initially worth $2,266.20, without deduction for any payments made. In any event, in the absence of clear and binding authority to the contrary, we cannot conclude that the trial court erred in this instance. Based on the foregoing, and having considered the record and any remaining arguments not expressly addressed herein, we affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:       BRIEF FOR APPELLEES:

David Howard            James H. Wren, II.
London, Kentucky       Williamsburg, Kentucky