RENDERED: OCTOBER 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0540-MR

JAMES D. JARBOE													APPELLANT

v.							APPEAL FROM JEFFERSON CIRCUIT COURT
							HONORABLE BRIAN C. EDWARDS, JUDGE
							ACTION NO. 21-CI-007157

MARKLEY M. MEISTER, AS CO-
ADMINISTRATOR OF THE ESTATE
OF RICHARD JARBOE AND
MICKLYN M. YOUNG, AS CO-
ADMINISTRATOR OF THE ESTATE
OF RICHARD JARBOE													APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  JONES, KAREM, AND LAMBERT, JUDGES.

JONES, JUDGE:  James Jarboe appeals from an order of the Jefferson Circuit

Court dismissing his complaint against the co-administrators of the estate of his

deceased brother, Richard Jarboe.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Annette Jarboe executed a deed to her home that created a joint tenancy with rights of survivorship with her son, James. In 1998, Annette executed a last will and testament which left the majority of her estate to James. She died on November 10, 2019. On November 25, 2019, Annette's other sons, Guy, Ronald, and Richard, filed a civil action against James in Jefferson Circuit Court, contesting both the will and the deed (hereinafter "the will contest case"). On December 10, 2020, Richard passed away and his estate was substituted as a party shortly thereafter. On September 8, 2021, the will contest case was voluntarily dismissed with prejudice by Guy, Ronald, and Richard's estate (hereinafter referred to as "the Estate"). On November 1, 2021, James filed a verified proof of claim with the Estate, alleging wrongful use of civil proceedings and civil conspiracy stemming from the will contest case. The Estate rejected his claims. James then filed the underlying complaint in the Jefferson Circuit Court, claiming both civil conspiracy and wrongful use of civil proceedings against Guy, Ronald, and the Estate. The Estate filed a motion to dismiss pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f). After extensive briefing and a hearing, the circuit court granted the motion.[1] This appeal followed.

---

[1] James filed the underlying action against his siblings Guy Jarboe, Ronald Jarboe, and Richard Jarboe. We note that circuit court's order, in relevant part that, "[t]his matter comes before the Court on Defendants Ronald Jarboe, et al. (Ronald)'s Motion to Dismiss Pursuant to CR

## II. STANDARD OF REVIEW

"[Because] a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnote omitted).

## III. ANALYSIS

Although divided into many subparts, James's arguments center around his contention that the circuit court improperly applied Kentucky Revised Statute (KRS) 396.011 in dismissing his claims against the Estate. KRS 396.011(1) provides,

> [a]ll claims against a decedent's estate which arose before the death of the decedent, excluding claims of the United States, the State of Kentucky and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees, unless presented within six (6) months after the appointment of the personal representative, or where no personal representative has been appointed, within two (2) years after the decedent's death.

---

12.02(f)." However, the record before us indicates Ronald was never served and never appeared before the circuit court. Guy was served and appeared at the hearing related to a motion to dismiss filed by Richard's estate, but indicated he was not joining in the motion. We treat the wording of the circuit court's order implying that the motion was filed by Ronald and applies to all parties as harmless error.

James argues his claims did not accrue until the will contest case was dismissed. In other words, he asserts his claims did not arise before the death of Richard and, therefore, KRS 396.011 and the associated presentation of claims requirements are inapplicable. We disagree with Richard's arguments.

The circuit court did not engage in an analysis of KRS 396.011, but instead focused on the presentation of claim requirements in KRS 396.015 and 396.035. The circuit court highlighted the following provided in KRS 395.015(1): "The claimant may deliver or mail to the personal representative a written statement of the claim indicating its basis, the name and address of the claimant, and the amount claimed . . . if the [amount] is contingent or unliquidated, the nature of the uncertainty shall be stated." The circuit court also pointed out that KRS 396.035 "requires a claimant against an estate to file a written statement of the claim with the personal representative prior to bringing an action on that claim." *Underwood v. Underwood*, 999 S.W.2d 716, 720 (Ky. App. 1999). The circuit court found that an email sent from James's attorney to the attorney for the Estate on June 16, 2021, did not fulfill that presentation requirements of KRS 396.015 and 396.035 because it did not contain the information required by the statutes and "did not rise to the level of formality" required. Importantly, even though the circuit court did not analyze KRS 396.011, it implicitly found that James's claims arose before Richard's death and, therefore, KRS 396.011 was

applicable because "claims which arise after the death of the decedent are not subject to the presentation requirements of KRS 396.035 and 396.015, or the statute of limitations contained in KRS 396.011." *Underwood*, 999 S.W.2d at 719. Further, the verified proof of claim submitted by James to the Estate in November 2021, was time-barred and the email sent five months prior did not meet the statutory presentation requirements. We agree with the circuit court.

James relies on *Batson v. Clark*, 980 S.W.2d 566 (Ky. App. 1998), in support of his position. In *Batson*, parties to a commercial lease filed a claim with their landlord's estate alleging breach of lease and conversion of a storage building on the property. The landlord's estate argued the claims had not been filed within six months of the appointment of the executor as provided in KRS 396.011. This Court held that the lessees' claims were not related to any action taken by the landlord during her lifetime, but rather, to actions taken by the executor of her estate; therefore KRS 396.011 was inapplicable. Specifically, this Court held that the landlord had taken "no action during her lifetime which would have prompted this litigation and, thus, appellees could not have enforced these claims against [the landlord] during her lifetime because they had not yet accrued." *Batson*, 980 S.W.2d at 570. James contends that his claims against Richard similarly did not accrue during Richard's lifetime.

James also relies on *Underwood, supra.* In that case, an ex-wife filed claims against the estate of her ex-husband alleging 1) prior to his death, he failed to complete the paperwork to ensure she would receive a portion of his military retirement as ordered in their divorce; and 2) she was entitled to receive ongoing spousal maintenance after his death. This Court held that claims related to the military retirement were due to action or inaction of ex-husband prior to his death and, therefore, subject to the requirements of KRS 396.011. However, per the terms of the divorce, spousal maintenance was to continue after ex-husband's death under certain circumstances, but ceased after his death due to actions of his estate. This Court reasoned that any claim for ongoing maintenance did not arise during husband's lifetime and was therefore not subject to KRS 396.011, reiterating "[i]f the decedent took no action during his lifetime which could have prompted litigation, then the claim cannot be said to have arisen during the decedent's lifetime." *Underwood,* 999 S.W.2d at 720.

The facts of the instant action are distinguishable from *Batson* and *Underwood.* Both cases make clear that a claim under KRS 396.011 must arise from actions taken by the deceased during their lifetime. James argues his claims for wrongful use of civil proceedings and civil conspiracy could not have arisen during Richard's lifetime because the will contest case was not dismissed until after Richard's death. However, Richard, along with Guy and Ronald, initiated

-6-

and prosecuted the will contest case in circuit court. The underlying complaint filed by James refers only to the actions of Richard and his siblings, not to any action of the Estate. Indeed, based on the record before us and the arguments of both parties, the *only* action taken by the Estate after Richard's death was dismissal of the will contest case. In other words, it was the action of Richard in his lifetime that gave rise to James's claims of wrongful use of civil proceedings and civil conspiracy. There is nothing in the record to support any action of the Estate in furtherance of the lawsuit against James. Accordingly, James's argument must fail.

James also argues there is a "quandary" created by KRS 396.011. Specifically, he contends that application of the statute to torts such as wrongful use of civil proceedings and civil conspiracy would potentially require presentation of an unaccrued claim that, when rejected by an estate, would force him and other "would-be plaintiffs" to choose between abandoning the claim or filing suit to assert an unripe cause of action in order to satisfy the 60-day statute of limitations imposed by KRS 396.055(1).[2, 3] Although we decline to speculate on any "would-

---

[2] *See* page 16 of Appellant's brief.

[3] KRS 396.055(1) states, in relevant part, that

> [e]very claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant commences an action against the personal representative not later than sixty (60) days after the mailing of the notice of

be plaintiffs" in non-existent cases before this Court,[4] the record before us refutes James's argument in the instant action. To be in compliance with KRS 396.011(1), James had until September 17, 2021, to file any claims (*i.e.*, six months after the appointment of the co-administrators of the Estate). The will contest case was dismissed by agreement per an order entered on September 8, 2021. Even if we accepted James's argument that his claims did not accrue until after Richard's death, James had time to present the claims to the Estate within six months of the appointment of the co-administrators. We agree with the circuit court that the June 16, 2021 email did not satisfy the presentation requirements of KRS 396.015 and 396.035. Further, KRS 396.011(1) requires presentation of claims that "arose before the death of the decedent," including torts, contingent, and unliquidated claims. It does *not* require the presented claims to be causes of action that are ripe for adjudication in a court in this Commonwealth. Had the Estate continued to prosecute the will contest case against James after Richard's death, perhaps our

> disallowance or partial allowance if the notice warns the claimant of the impending bar. Failure of the personal representative to mail notice to a claimant of action on his claim for sixty (60) days after the time for original presentation of the claim has expired has the effect of a notice of allowance, except that upon petition of the personal representative and upon notice to the claimant, the court at any time before payment of such claim may for cause shown permit the personal representative to disallow such claim.

[4] This Court does not issue advisory opinions. *See Newkirk v. Commonwealth*, 505 S.W.3d 770, 774 (Ky. 2016).

analysis would be different, but we decline James's invitation to speculate on hypothetical scenarios.[5]

## IV. CONCLUSION

For the foregoing reasons, the order of the circuit court dismissing James's claims against the Estate is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Gregory Troutman
Louisville, Kentucky

BRIEF FOR APPELLEES:

R. Kenneth Kinderman
Christopher A. Bates
Joseph H. Haddad
Louisville, Kentucky

---

[5] We decline to address James's final argument that the Estate is estopped from asserting the requirements of KRS 396.011 because it should have known of his forthcoming claims once the will contest case was dismissed. James provides no basis in law or fact for this argument.